ORIGINAL

LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii  96813
Tel. No. 546-7575
Fax. No. 546-7070
Email address:  clove@lkhawaii.com

Attorneys for Defendants Menu Foods
Inc., and Menu Foods Holdings, Inc.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 27 2007

at 3 o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>Defendants. | CIVIL NO. _____ CV07-00409 ACK KSC<br>(Non-Vehicle Tort)<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, AND 1446 AND DEMAND FOR JURY TRIAL; EXHIBITS A-C; DECLARATION OF CHAD P. LOVE; CERTIFICATE OF SERVICE |

WASH1\4909593.1
365652-2

## NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1332, 1367, 1441, AND 1446

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants MENU FOODS, INC., and

MENU FOODS HOLDINGS, INC. (hereinafter jointly referred to as "Menu

Foods"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, file this Notice of

Removal (hereinafter "Notice") of this action from the Circuit Court of the First

Circuit, State of Hawaii, to the United States District Court for the District of

Hawaii.  The grounds for removal are as follows:

## I.    INTRODUCTION

VALERIE SYLVESTER, DAVID PANG, ANDREW GARCIA, RUTH

CAMARGO, CHRIS HUBBARD, STACEY COLLINS, RANDALL

BANDMANN, AND KELLY ENGLE initiated this action entitled *Valerie*

*Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey*

*Collins, Randall Bandmann, Kelly Engle v. Menu Foods, Inc., a New Jersey*

*Corporation; Menu Foods Holdings, Inc., a Delaware Corporation, Menu Foods*

*Income Fund, an unincorporated Canadian business, Doe Entities and Individuals*

*1-100*, Civil No. 07-1-0848-05(SSM), on June 11, 2007.

On June 22, 2007, Plaintiffs amended their Complaint to add, *inter alia*, two

plaintiffs:  PAM GOULD and ERIK CORAL-SANDS.  (All Plaintiffs hereinafter

-2-

jointly referred to as "Plaintiffs".) [A true and correct copy of Plaintiffs' First Amended Complaint and First Amended Summons are attached hereto as Exhibit A and are the only process, pleading, and order served upon Menu Foods.]

Plaintiffs allege that their pets became ill and/or passed away upon consuming pet food manufactured and distributed by Defendants. Plaintiffs further allege that they sustained economic and non-economic damages, including but not limited to: cost of purchasing food, the costs of veterinary care and treatment, cost of medicines and/or veterinary supplies, costs associated with post-mortem examinations and/or necropsies, costs associated with cremation and/or burial of remains, wage loss incurred as a result of caring for a sick dog or cat, costs associated with psychiatric services to surviving owners, punitive damages, and other damages including the "intrinsic, special or unique value of Plaintiffs' deceased pet dogs or cats, damages relating to loss of use of Plaintiffs' pet dogs or cats, damages relating to severe emotional distress, interference with Plaintiffs' lives and the quite enjoyment of their realty and personality[.]" (Exhibit A at 3).

On or about July 9, 2007, Plaintiffs served Defendant Menu Foods Holdings, Inc., with a copy of the First Amended Summons and First Amended Complaint.

On or about July 13, 2007, Plaintiffs served Defendant Menu Foods, Inc., with a copy of the First Amended Summons and First Amended Complaint. As of

-3-

the time of filing of this Notice, Plaintiffs have not properly served Defendant

Menu Foods Income Fund with the First Amended Summons or First Amended

Complaint. Pursuant to 28 U.S.C. § 1441, this Notice of Removal is timely filed.

As more fully set forth below, this is a civil action over which this Court has

original jurisdiction under 28 U.S.C. § 1332, and this action is removable under 28

U.S.C. §1441, because it is a civil action in which the matter in controversy of at

least one of the plaintiffs exceeds the sum or value of $75,000, exclusive of interest

and costs, and is an action between citizens of different states. Plaintiffs' own

pleadings filed in State Court demonstrate that at least one of the plaintiffs has a

claim for $81,250 in general/special and punitive damages – which exceeds the

$75,000 threshold required for Federal diversity jurisdiction. In addition, Plaintiffs

seek attorneys' fees, which further increases their claims.


## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.     At Least One Plaintiff's Claim Exceeds The $75,000 Amount In Controversy Requirement.

#### 1.     Supplemental jurisdiction.

This Court has jurisdiction over all Plaintiffs pursuant to 28 U.S.C. §1367 as

long as one of the plaintiff's claims exceeds the $75,000 amount in controversy

requirement. *See e.g.*, *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545

U.S. 546, 125 S.Ct. 2611 (2005) ("*Where the other elements of jurisdiction are*

-4-

*present and at least one named plaintiff in the action satisfies § 1332(a)'s amount-in-controversy requirement, §1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount"*).[1]

There now are 10 plaintiffs in this action. All of the claims arise out of the same facts and circumstances -- that pets became ill and/or passed away after consuming allegedly tainted pet food manufactured by Defendants and distributed and sold throughout the State of Hawaii and the country during a specific period of time. Accordingly, all claims of all Plaintiffs arise out of the same case or controversy.

2.    **Plaintiffs Seek At Least $18,750 in General/Special Damages Per Plaintiff.**

Plaintiffs in this case seek economic and non-economic damages, including out of pocket losses for the cost of pet food, veterinary bills, wage loss, emotional distress, psychiatric bills, and punitive damages. On May 11, 2007, Plaintiffs filed a "Request To Exempt From Court Annexed Arbitration Program" (hereinafter "Request to Exempt", attached as Exhibit B). In Paragraph 33 of the Request to

---

1.    The damages sought by Plaintiffs, not the damages (if any) they ultimately will recover, determine whether their allegations satisfy the amount-in-controversy required for federal jurisdiction in this diversity action. *See Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1049 (C.D. Ca 2006) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties").

WASH1\4909593.1
365652-2

Exempt, Plaintiffs state that they believe that the probable "jury award, not reduced by the issue of liability, and exclusive of attorney's fees, interest and costs **will be in the excess of $150,000**" (*Emphasis added*).  At the time Plaintiffs filed their Request to Exempt, there were eight Plaintiffs.  To be conservative, the pleadings will be viewed in a light most favorable to Plaintiffs, and Plaintiffs' $150,000 alleged in specials/generals will be divided equally among the eight plaintiffs who made that Request to Exempt.  Accordingly, that figure of $150,000 divided by eight plaintiffs comes to $18,750 per plaintiff in general/special damages.

### 3.    Plaintiffs Seek At Least $62,500 In Punitive Damages Per Plaintiff.

This Court also must take Plaintiffs' claim for punitive damages into account to determine if the $75,000 threshold has been met.  *Bell v. Preferred Life Assur.,* 320 US 238, 64 S. Ct. 5, 88 L.Ed. 15 (1943), *Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th Cir. 2001).   In Paragraph 34 of Plaintiffs' Request to Exempt (Exhibit B), the eight Plaintiffs admit that if they were "permitted to pray for a specific amount of punitive damages, we would seek ***over $500,000***" (emphasis added).  Conservatively dividing this amount equally across each of the eight Plaintiffs, gives each Plaintiff a punitive damage claim of $62,500 ($500,000/8 = $62,500).

WASH1\4909593.1
365652-2

4.    **Plaintiffs Will Incur Attorneys' Fees of At Least $6,750 to $13,500 Per Plaintiff.**

The general/special damages of $18,750 and the punitive damages of $62,500 sought per plaintiff total $81,250, and thus exceed the $75,000 threshold for federal diversity jurisdiction. Although this makes it unnecessary to calculate the dollar amount of the additional claims made by Plaintiffs, these additional claims further increase their claims above the jurisdictional amount.

In Plaintiffs' First Amended Complaint, they request attorneys' fees pursuant to HRS Chapter 480 or as "otherwise allowed by law." This Court must take this request into consideration when determining if this action meets the $75,000 amount in controversy requirement. *See e.g., Haskell v. State Farm Mutual Automobile Insurance Company,* (2003 WL 21580516 (2003 9th Cir. Hawaii).

HRS § 480-13 allows the award of "reasonable" attorneys' fees. One method used to calculate "reasonable" attorneys' fees is the "lodestar" method. See e.g., *DFS Group LP v. Paiea Properties*, 110 Hawaii 217 (S. Ct. 2006); *Parr v. TLLC, LLC*, 2007 WL 1223447 (2007 D.Hawaii). Under the lodestar method, the Court calculates "reasonable" attorneys' fees by multiplying the number of hours reasonably expended by a reasonable hourly rate.

WASH1\4909593.1
365652-2

In recent decisions, the court has held the following to be reasonable:

| Years of Experience | "Reasonable" Rate | Cite |
|---|---|---|
| 3 (graduated from law school 2003) | $130 | *Paramount Pictures Corporation v. Carroll*, 2006 WL 1990815 (D.Hawaii 2006) |
| 4 (admitted to bar 2003) | $125 | *Synagro Technologies, Inc. v. GMP Hawaii, Inc.*, 2007 WL 851271 (D.Hawaii 2007) |
| 7 (admitted to bar 2000) | $135 | *Synagro Technologies, Inc. v. GMP Hawaii, Inc.*, 2007 WL 851271 (D.Hawaii 2007) |
| 8 (admitted to bar 1998) | $150 | *Berry v. Hawaiian Express Service, Inc.*, 2006 WL 4102120 (D.Hawaii 2006) |

Plaintiffs' counsel, Emily Gardner, Esq., was admitted to the Hawaii bar in 1997, but started her practice in 1999 and has eight years of trial litigation experience (Exhibit C).  Under a conservative analysis (to Plaintiffs' benefit), a reasonable rate for Ms. Gardner's would be at least $135 per hour.  It would also be reasonable to expect that Ms. Gardner will expend at least 50 to 100 hours per plaintiff in this case on the following partial list of tasks that will be required of Ms. Gardner in connection with her representation of Plaintiffs:

- Interviews and conferences with each plaintiff;

- Review of medical records for the pet of each plaintiff;

- Review of medical records and psychiatric/psychologist records for each plaintiff;

- Draft the Complaint, Amended Complaint and Request to Exempt;

- Prepare Answers to Interrogatories served on each plaintiff;

- Prepare responses to Request for Production served on each plaintiff;

- Prepare each plaintiff for his/her deposition;

- Attend depositions of each plaintiff;

- Prepare for and attend depositions of each plaintiff's psychiatrist;

- Prepare for and attend Court hearings and conferences;

- Propound discovery requests on Defendants and analyze information provided in response thereto;

- Prepare for and attend depositions of Defendants' representatives; and

- Prepare for and attend depositions of Defendants' experts.

In addition, Plaintiffs likely will have to respond to motions filed by Defendants and interview and retain veterinary and testing experts, among many other tasks. Accordingly, it is reasonable to expect that Plaintiffs' counsel will spend a minimum of 50 hours to 100 hours per plaintiff in this case. At $135 per hour, this totals $6,750 to $13,500 per plaintiff.[2]

---

2.    Of course, this amount could increase or decrease depending on particular issues that arise in the case related to the activities above, any opposition by Plaintiffs to removal, and the potential transfer of this action by the Judicial Panel on Multidistrict Litigation to the coordinated litigation arising out of the pet food recall pending in the District of New Jersey.

5.    __A Minimum of $88,000 Per Plaintiffs is In Controversy.__

Because Plaintiffs allege that the amount in controversy for each individual

plaintiff is less than $75,000, Menu Foods must establish with "legal certainty"

that the amount in controversy is satisfied. *Lowdermilk v. United States Bank*

*National Association*, 479 F.3d 994 (9th Cir. 2007). As shown above, Plaintiffs'

admissions in their Request to Exempt establish with legal certainty that the

amount in controversy for at least one plaintiff is a sum greater than $75,000

($81,250 + $6,750).

B.    **Complete Diversity of Citizenship Exists.**

There is complete diversity of citizenship between Plaintiffs and Defendants

in this action. According to the First Amended Complaint, all Plaintiffs are

residents of the State of Hawaii. Menu Foods Holdings, Inc., is a Delaware

corporation with its principal executive offices located outside the State of Hawaii.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen

of any State by which it has been incorporated and of the State where it has its

principal place of business" 28 U.S.C. § 1332(c)(1). Menu Foods Holdings is

deemed to be a citizen of Delaware. Menu Foods, Inc., is a New Jersey

corporation with its principal executive offices located outside the State of Hawaii.

Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen

-10-

of any State by which it has been incorporated and of the State where it has its principal place of business" 28 U.S.C. § 1332(c)(1). Menu Foods, Inc., is deemed to be a citizen of New Jersey.

Menu Foods Income Fund has not been properly served in this action to date. The "Doe Entities and Individuals" are wholly fictitious and sham parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the citizenship of any defendant sued under this fictitious name. Accordingly, it is not necessary that Menu Foods Income Fund or the Doe Defendants join in this Notice of Removal of Action.

Accordingly, this case should be removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1332, 1367 and 1441 because: (1) Plaintiffs are citizens of the State of Hawaii; (2) Menu Foods are not citizens of the State of Hawaii, and (3) the amount in controversy of at least one plaintiff exceeds $75,000, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C.§§ 1332 and 1367, this Court has jurisdiction over this action.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

Menu Foods, in good faith, believes that the amount in controversy of at least one plaintiff exceeds $75,000, exclusive of costs and interest, and complete diversity of citizenship exists.

-11-

The United States District Court for the District of Hawaii embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 91.

Pursuant to 28 U.S.C. § 1446(d), Menu Foods is serving written notice of this removal upon all adverse parties and will file a copy of the notice with the Clerk of the State court in which this action is currently pending.

WHEREFORE, Menu Foods respectfully removes this action from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rule of Civil Procedure, Menu Foods hereby demands trial by jury in this action.

DATED:  Honolulu, Hawaii, _July 27, 2007_____.

_____
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Defendants Menu Foods Inc.,
and Menu Foods Holdings, Inc.

-12-