IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>        Plaintiffs,<br><br>  vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>        Defendants. | CIVIL NO. CV 07-00409 ACK-KSC (Non-Vehicle Tort)<br><br>MEMORANDUM OF LAW IN SUPPORT OF MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNA-TIVELY, TO DISMISS |

**MEMORANDUM OF LAW IN SUPPORT OF MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS**

Defendant Menu Foods Income Fund (the "Income Fund") submits this

memorandum in support of its motion to quash Plaintiffs' purported service of

process upon it or, alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(4),

Dockets.Justia.com

12(b)(5), and 12(b)(2) for insufficiency of process, insufficiency of service of process, and lack of jurisdiction over the person.

## I.    STATEMENT OF FACTS.

The Income Fund is an unincorporated open-ended trust under the laws of the Province of Ontario, Canada.  Declaration of Cristen Sikes Rose ("Rose Decl."); Complaint ¶ 44 (alleging that Income Fund is a trust operating in Ontario, Canada).  Plaintiffs filed their First Amended Complaint/Summons against the Income Fund -- along with Menu Foods, Inc., and Menu Foods Holdings, Inc. -- in the Circuit Court of the First Circuit Court for the State of Hawaii on or about June 22, 2007.  Defendants Menu Foods, Inc., and Menu Foods Holdings, Inc., were served on or about July 13 and July 9, 2007, respectively.  On July 27, 2007, Menu Foods, Inc., and Menu Foods Holdings, Inc., removed this action to this Court.

On July 31, 2007, Plaintiffs filed a "Return of Service" related to the Income Fund in the First Circuit Court.  *See* Exh. A.  This "Return of Service" asserts that the Income Fund was served by substitute service on "Mark Wiens as Chief Financial Officer of Menu Foods Income Fund."  *Id.*

Plaintiffs' first filing in this Court with regard to service of the Summons occurred on August 1, 2007.  On that date, Plaintiffs filed with this Court a "Declaration of Service" asserting that Menu Foods, Inc., had been served and

providing supporting documentation for that entity alone.  Dkt. No. 6.

Nevertheless, Plaintiffs' docket entry asserted that all three Menu Foods

Defendants, including the Income Fund, had been served.  *See id.*  As this Court

noted on August 2, 2007, Plaintiffs failed to attach supporting documentation with

regard to Menu Foods Holdings, Inc., or the Income Fund.  Accordingly, this Court

requested that Plaintiffs correct that entry.  As of the time of this filing, Plaintiffs

have not done so and no purported "Return of Service" on the Income Fund has

been filed in this Court.

On at least three occasions, July 30, 2007, July 31, 2007, and August 2,

2007, counsel for the Income Fund contacted Plaintiffs' counsel and offered to

accept service on the Income Fund in exchange for a reasonable extension to

respond to the First Amended Complaint/Summons.  Declaration of Chad P. Love.

Plaintiffs refused to extend this courtesy.  *See id.*

## II.    PLAINTIFFS DID NOT PROPERLY SERVE OR NAME INCOME FUND.

### A.    Per Hague Convention and Canadian law, Plaintiffs Never Served the Proper Person.

The Federal Rules of Civil Procedure authorize service on a foreign entity

pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters ("Hague Convention").  Fed. R. Civ. P.

4(f)(1) and 4(h)(2). "One important objective of the Convention is to provide means to facilitate service of process abroad." *Volkswagen AG v. Schlunk*, 486 US 694, 704 (1988). Service of process on a foreign domiciliary of a signatory to the Hague Convention in contravention of its strictures may be invalid. *Id.* Canada is a signatory to the Hague Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, May 1, 1989, Treaty Series, No. 2, Canada, 1989; *see also Darko, Inc. v. Megablocks, Inc.*, 2006 WL 2945954 * 1 (N.D. Ohio Oct. 13, 2004) (noting that Canada is a signatory to the Hague Convention).

The Hague Convention establishes a system of service whereby each participating country designates a Central Authority to receive and execute requests for service of process. Hague Convention, Art. 2-6. Plaintiffs' "Return of Service" for the Income Fund filed in the First Circuit Court reveals that Plaintiffs' First Amended Complaint/Summons purports to have been served directly by a process server, rather than through the Canadian Central Authority. The Hague Convention does not prohibit methods of service that would be acceptable under the local law where the Summons and Complaint are served. Hague Convention, Articles 10 and 19. Thus, Plaintiffs' election to serve the Income Fund by a method other than the Central Authority is permissible only if it is authorized under Canadian law and procedure. It is not.

Plaintiffs' attempt to substitute service of the First Amended Complaint/Summons on Mark Wiens on behalf of the Income Fund also is improper.  Mr. Wiens is not a trustee of the Income Fund.  *See* Rose Decl.  Nor is he its Chief Financial Officer as erroneously stated in Plaintiffs' return of service. *Id.*  Accordingly, process and substituted service of process on him for the Income Fund is insufficient.

### B.     Plaintiffs Sued the Wrong Entity.

As in the United States, it is not proper to sue a trust by naming the entity. See Ontario Civil Practice Rules of Civil Procedure, Rule 9.01 ("A proceeding may be brought by or against an executor, administrator or trustee as representing an estate or trust and its beneficiaries without joining the beneficiaries as parties"). Plaintiffs, however, purport to name the Income Fund directly.  The Income Fund is not a proper defendant and process on it is invalid.

### C.     Plaintiffs Bear the Burden of Demonstrating Proper Service.

It is clear from the above discussion that service was improper.  A defendant may seek to quash service or, alternatively, to dismiss for improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).  5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354 (2004).

Although the Income Fund is the movant on this motion, Plaintiffs bear the burden of establishing that service and service of process were proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  If service is insufficient, this Court may dismiss the case, or it may retain jurisdiction but quash service. *Hickory Travel Systems, Inc. v. Tui AG, Tui*, 213 F.R.D. 547, 553 (N.D.Cal. 2003)

### III.    CONCLUSION

Because Plaintiffs have refused the Income Fund's offer to accept service and have not served it properly, the purported service of process against the Income Fund must be quashed.  Alternatively, this action should be dismissed as to the Income Fund for improper process and service of process.  However, should this Court grant the Income Fund's application for an extension, it anticipates that it will be able to resolve service issues with Plaintiffs and withdraw this motion.

DATED:  Honolulu, Hawaii, _____August 3, 2007_____.


_____/s/ Chad P. Love_____
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Defendant Menu Foods
Holdings, Inc., and Menu Foods, Inc.,
and Menu Foods Income Fund