IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. CV07-00409HGKSC<br>(Non-Vehicle Tort)<br><br>DECLARATION OF EMILY A. GARDNER |

DECLARATION OF EMILY A. GARDNER

The undersigned declares that:

1.  I am an attorney licensed to practice law before all the Courts in the State of Hawaii and am the Attorney of Record for all named Plaintiffs in this case, Valerie Sylvester *et al.* I make the following statements upon my own personal knowledge and am competent to testify thereto.

2.  Defense counsel contacted me by telephone on or about July 31, 2007, and stated that service upon Defendant Menu Foods Income Fund was defective, because it had not been effected through the Hague Convention. He then stated that he would agree to accept service on behalf of Defendant Menu Foods Income Fund, in exchange for an

extension of time to answer. At that time, I informed Defense counsel that I knew this to be untrue, because I had contacted a number of process serving companies that operate in both the United States and Canada prior to effecting service and was told by all of them that it was not necessary to serve a complaint through the Hague Convention to a Canadian business defendant. I informed defense counsel that I had arranged for service on or about July 2, 2007, had already paid for service of this Defendant, and believed it to be effective.

3.	Return of Service documents were filed with Circuit Court of the First Circuit, State of Hawaii on or about July 25, 2007, prior to Defendants' filing a Notice of Removal to this Court. The original Return of Service Document was later amended on or about July 31, 2007, to reflect a miscommunication from the process serving company, Nationwide Process Servers. Nationwide Process Servers had represented to me that all three defendants had been served when I spoke with them on or about July 27, 2007. Defendant has included a copy of this filing in his Motion.

4.	Defense counsel contacted me again by phone on or about August 2, 2007, and again stated that he believed that service of Menu Foods Income Fund was defective because it had not been done through the Hague Convention. He represented that his "New York Office" had told him this was necessary. In response, I told him that I knew this not to be the case as I had corroborated it with the servers, repeated that I had already paid for service, and believed for it to be effective. At that time, I told Mr. Love that if he wanted to pay the cost of the service on Menu Foods Income Fund, which I believed to

be effective, that I would agree to allow him to accept service, again, in exchange for an extension. Mr. Love stated he wanted to think about this, and I stated that I was with a client and would talk with him more about it at a later time.

5.  Mr. Love contacted my office by telephone on or about August 4, 2007, and left a message on my answering machine stating that he had determined why the service was defective. He stated service was defective because Mark Wiens was ineligible to accept service because he was not a trustee of Menu Foods Income Fund, and not the Chief Financial Officer of the company. He then stated that he was intending to file a Motion to Quash if I did not agree to sign a stipulation granting him an extension of time to answer in exchange for accepting service.

6.  Attached hereto as Exhibit "1" is a true and correct copy of the company profile for Menu Foods Income Fund, taken directly off its' company website at: http://www.menufoods.com/about_us/index.html.

7.  Attached hereto as Exhibit "2" is a true and correct copy of the Trustees, Directors, and Management of Menu Foods Income Fund, taken directly off its' company website at: http://www.menufoods.com/ir/trustees/trustees_etc.html.

8.  Attached hereto as Exhibit "3" is a true and correct copy of the bio for Mark Wiens of Menu Foods Income Fund, taken directly off the company's website at: http://www.menufoods.com/ir/trustees/mark_a_wiens.html.

9.   Attached hereto as Exhibit "4" is a true and correct copy of the company profile for Menu Foods Income Fund, taken from the SEDAR (System for Electronic Document Analysis Retrieval, the electronic filing system for disclosure documents of public companies and mutual funds in Canada) website at:

http://www.sedar.com/DisplayProfile.do?lang=EN&issuerType=03&issuerNo=00017624.

10.   Attached hereto as Exhibit "5" is a true and correct copy of a April 10, 2007 CTV news article in which Mark Wiens credits himself as being the Chief Financial Officer of Menu Foods Income Fund, taken directly from the CTV website at:

http://www.ctv.ca/servlet/ArticleNews/story/CTVNews/20070410/menu_foods_070410/200.

11.   Attached hereto as Exhibit "6" is a true and correct copy of a Form 52-109F2, Certification of Interim Filings, signed by Mark Wiens on August 9, 2007, in which he represents that he is the Executive Vice President and Chief Financial Officer of Menu Foods GenPar Limited on behalf of Menu Foods Income Fund, taken from the SEDAR website for Menu Foods Income Fund, under "view this company's public documents".

12.   With regards to the Return of Service document for the Defendant Menu Foods, Inc., filed with this court on or about August 1, 2007; when I received the "correction notice" provided by the court on August 2, 2007, I immediately contacted the court and informed the clerk that it was not my intent to docket the return of service for Menu

Foods, Inc. as relating to all three defendants in the action, and that I had just been following the menu prompts on the electronic filing system which asked "when Defendants were served," and had simply input the dates that each defendant in the action had been served to date. I was told by the clerk because it was clear in the record that the other return of service documents had been filed in the First Circuit Court for the State of Hawaii, that I did not need to file a corrected document. I am, however, on the date of this filing, also filing a return of service for Menu Foods, Inc. that is signed by hand, to correct any mis-interpretation of my /s/.

I, Emily A. Gardner, declare under the penalty of perjury that the foregoing is true and correct.

Dated: Honolulu, Hawaii, August 21, 2007.

_____
EMILY A. GARDNER