Emily A. Gardner       #6891
Attorney at Law, LLLC
735 Bishop Street, Suite 402
Honolulu, HI 96813
Tel: (808) 540-0200
Fax: (808) 540-0201

Attorney for Plaintiffs
Valerie Sylvester, et al

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>          Plaintiffs,<br><br>     v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>          Defendants. | Civil No. CV07-00409HGKSC<br>(Non-Vehicle Tort)<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND |

Dockets.Justia.com

# Table of Contents

I.   Introduction...................................................................................... 1

II.  Legal Standards................................................................................3

   A. Standards for Removal and Burden of Proving Federal Jurisdiction...................3

   B. Amount in Controversy is Properly Assessed at Time of Removal.....................

   C. Notice of Removal Shall be Filed Within 30 Days After Receipt by Defendant......3

III. Argument..........................................................................................7

   A. The Case is Subject to Remand Because No Named Plaintiffs Allege
      Damages Exceeding $75,000 and the Court Lacks Original Jurisdiction
      Under 28 U.S.C. §§ 1332 (a) and 1337...........................................................7

      1. Defendants Fail to Prove the Amount in Controversy of at Least One
         Named Plaintiff Exceeds $75,000 to a Legal Certainty..........................8

      2. The Amount in Controversy is Properly Assessed at the Time
         Of Removal..............................................................................11

   B. The Case is Subject to Remand on procedural Grounds, as Defendants'
      Notice of Removal is Defective...............................................................13

IV.  Conclusion.....................................................................,,,,,,,,,,,,,,......15

# Table of Authorities

**Federal Statutes**

28 U.S.C. § 1332..................................................................1, 3

28 U.S.C. § 1367.....................................................................3

28 U.S.C. § 1441(a)..................................................................

28 U.S.C. § 1446..........................................................2, 5, 6, 14

**Hawaii Court Rules**

Rule 6 (A) of the Hawaii Arbitration Rules..........................................9

**Case Law**

Abrego v. Dow Chemical Co., ....................................................4, 5
443 F. 3d 676 (9th Cir. 2006)

Albonetti v. GAF Corporation Chemical Group,......................................5
520 F.Supp. 825 (S.D. Tex. 1981).

Brill v. Countrywide Home Loans, Inc., ............................................5
427 F.3d 446 (7th Cir. 2005)

Chicago, R.I. & P. RY. Co. v. Martin, ..............................................6
178 U.S. 245, 248, 44 L.Ed. 1055, 20 S. Ct. 854 (1900)

Duncan v. Stuetzle, .................................................................3
76 F.3d 1480 (9th Cir. 1996)

Ethridge v. Harbor House Restatuant, ............................................4, 5
861 F. 2d 1389, 1393 (9th Cir. 1988).

Exxon Mobile Corporation v. Allapattah Services, Inc., ............................3
545 U.S. 546, (2005).

Greenup v. Weaver,
No. CV 04-120778 (Clackamas Co. Ore. Cir. Ct.)...................................10

Hewitt V. City of Stanton, ..........................................................6
798 F. 2d 1230, 1232 (9th Cir. 1989)

Kopff v. World Research Group, LLC, ...................................................5
298 F. Supp 2d 50 (D.C. Dist. 2003)

Lowdermilk v. United States Bank National Association,..........................2, 4, 8
479 F.4d 994 (9th Cir. 2007)

Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., ...................................6
526 U.S. 344, 347-48, 143 L.Ed. 2d 448, 119 S. Ct. 1322 (1999).

Office of Hawaiian Affairs v. Department of Education................................4
951 F. Supp. 1484 (D. Haw. 1997)

Parrino v. FHP, Inc. .......................................................................6
146 F. 3d 699, 703 (9th Cir. 1998)

Propes v. Griffith,
25 S.W. 3d 544 (Mo. App. W.D. 2000)...............................................11

Samuel v. Langham, .....................................................................4, 5
780 F. Supp. 424, 427 (N.D. Tex. 1992).

Sanchez v. Monumental Life Insurance Co., ...........................................3
102 F. 3d 398 (9th Cir. 1996)

Serrano v. Connect, Inc. ..................................................................4
478 F.3d 1018 (9th Cir. 2007)

Simmons v. PCR Tech, ...................................................................5
209 F. Supp 2d 1029 (N.D. Cal. 2002)

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

## I. Introduction

Plaintiffs originally filed the instant multiple party action on May 11, 2007 in the First Circuit Court for the State of Hawaii. At the time the original complaint was filed there were eight (8) named Plaintiffs, each having separate and distinct claims for

relief, which they could have elected to bring individually. Because the case received significant media attention, additional time was allotted to permit other Plaintiffs to come forward, before serving Defendants, so that the Complaint could be amended without hearing and motion. During the month or so allotted, two additional Plaintiffs came forward and joined in the action, bringing the total to ten (10) named Plaintiffs. The First Amended Complaint and First Amended Summons in this action were filed in state court on June 22, 2007 and June 25, 2007, respectively. Arrangements were then made to serve all three named Defendants on July 2, 2007 with Nationwide Process Servers, a California based company that operates in the United States and Canada. Defendant Menu Foods Holdings was served on July 9, 2007; Defendant Menu Foods Income Fund was served on July 13, 2007; and Defendant Menu Foods, Inc. was served on August 1, 2007.

Defendants filed a Notice of Removal with this Court on July 27, 2007, in which Defendants Menu Foods Holdings and Menu Foods, Inc. joined.

In their Notice of Removal, Defendants claimed that removal was proper, stating that the Court has original jurisdiction under 28 U.S.C. § 1332, because "it is a civil action in which the matter in controversy of at least one plaintiff exceeds the sum or

value of $75,000 exclusive of interest and costs, and it is an action of citizens of different states." See Defendant's Notice of Removal, at 4.

Plaintiffs do not dispute the fact that this is an action involving citizens of different states and that diversity of citizenship exists. Plaintiffs do, however, hotly dispute the facts that the amount in controversy of one or more individual Plaintiffs exceeds the sum or value of $75,000, exclusive of interest and costs, and that Defendants have succeeded in proving as much to a "legal certainty," the standard required by law. Lowdermilk v. United States Bank National Association, 479 F.4d 994 (9th Cir. 2007).

In support of their jurisdictional claim, Defendants cite statements made in Plaintiffs Request to Exempt Case from the Court Annexed Arbitration Program (hereinafter "Plaintiffs' Request to Exempt"), filed in state court on May 11, 2007, as the only form of proof of the amount in controversy of one or more Plaintiffs.

As demonstrated below, Defendants have misinterpreted the Hawaii Arbitration Rules as well as statements made by Plaintiffs' counsel in Plaintiffs' Request to Exempt. Defendants have also determined the amount in controversy, by extrapolating damages at the time the original complaint was filed on May 11, 2007, rather than assessing the amount in controversy at the time the Notice of Removal was filed on July 27, 2007.

Lastly, and potentially of lesser significance, is the fact that Defendants' Notice of Removal is defective on procedural grounds under 28 U.S.C.S. § 1446 because Defendants failed to join Defendant Menu Foods Income Fund in their Notice, which had been served on July 13, 2007, and did join Defendant Menu Foods, Inc, which had not

2

been served as of the date the removal notice was filed. Defendants have yet to amend their Notice to join the proper Defendants.

Plaintiffs respectfully submit that the Court should remand this case to the First Circuit Court because Defendants failed to successfully meet their burden of establishing that the amount in controversy of one or more Plaintiffs exceeds the jurisdictional threshold of $75,000 and because Defendants' Notice of Removal is defective on procedural grounds under 28 U.S.C.S. § 1446 (b).

Case 1:07-cv-00409-ACK-KSC   Document 17-2   Filed 08/26/2007   Page 7 of

**II   Legal Standards**

   **A. Standards for Removal and Burden of Proving Federal Jurisdiction**

A civil action in state court may be removed to federal district court if the district court had "original jurisdiction" over the matter. 28 U.S.C. § 1441 (a). The federal district courts have "original jurisdiction of any civil action in which, *inter alia*, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a).

As Defendants note in their Notice of Removal at 4, in multiple plaintiff cases such as this, the Court may retain supplemental jurisdiction over all Plaintiffs' claims as long as one named Plaintiff's claim exceeds the $75,000 amount in controversy requirement. 28 U.S.C. § 1367. See also Exxon Mobile Corporation v. Allapattah Services, Inc., 545 U.S. 546, (2005).

It is well settled that the burden is on the party seeking to preserve the district court's removal jurisdiction, <u>not</u> the party moving for remand to state court to show that the requirements for removal have been met. See e.g., Sanchez v. Monumental Life Insurance Co., 102 F. 3d 398 (9th Cir. 1996); Duncan v. Stuetzle, 76 F.3d 1480 (9th Cir.

1996); Office of Hawaiian Affairs v. Department of Education, 951 F. Supp. 1484 (D. Haw. 1997). The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls upon the party invoking the statute. Ethridge v. Harbor House Restatuant, 861 F. 2d 1389, 1393 (9th Cir. 1988). Where there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex. 1992).

In the multiple-party context, the Ninth Circuit has recently ruled that the proponent of federal jurisdiction bears the burden of proving jurisdiction. See Serrano v. Connect, Inc. 478 F.3d 1018 (9th Cir. 2007), Abrego v. Dow Chemical Co., 443 F. 3d 676, 685 (9th Cir. 2006) (per curiam).

Defendants, in their Notice of Removal at 10, provide the standard of proof that is required of them in establishing the amount in controversy: "Menu Foods must establish 'with legal certainty' that the amount in controversy is satisfied." Lowdermilk, *supra*. In establishing this standard, the Lowdermilk court held that in assessing the jurisdictional amount, the court should initially look to whether the Plaintiff avers damages that do not reach the threshold for federal jurisdiction. Id. The court went on to explain, "absent evidence of bad faith, we are obliged to honor the representation of Plaintiffs' claimed jurisdictional amount… They are not obligated to overstate their damages to satisfy the defendant's interest in a federal forum, but may plead conservatively to secure a state forum. Id at 1003.

In proving that the jurisdictional amount is exceeded to a legal certainty, the defendants cannot rely upon mere conjecture or speculation, but must instead advance a theory or theories "supported by evidence from its own files" that the jurisdictional

4

minimum is exceeded; or by providing "concrete evidence" showing the actual amount in controversy. Id. at 1000, 1001.

### B. Amount in Controversy is Properly Assessed at Time of Removal

In addition to the fact that is incumbent upon the removing party to prove to a "legal certainty" that the amount in controversy exceeds the threshold for federal jurisdiction, it is also well established that the Court is to consider the allegations made at the time of removal, when determining the amount in controversy. See e.g., Abrego v. Dow Chemical Co., *supra* (amount in controversy at the time of removal); Kopff v. World Research Group, LLC, 298 F. Supp 2d 50 (D.C. Dist. 2003) (time for assessing jurisdictional amount is at the time of removal); Simmons v. PCR Tech, 209 F. Supp 2d 1029 (N.D. Cal 2002) (jurisdictional facts are assessed at the time of removal); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, at 449 (court must look at the allegations at the time the removal petition is filed).

### C. Notice of Removal Shall Be Filed Within Thirty Days After Receipt by Defendant.

As shown above, when there is doubt about the right to removal in the first instance, ambiguities are to be construed against removal. See Ethridge,,and Samuel v. Langham,, *supra*. This extends not only to demonstrating a jurisdictional basis of removal, but also necessary compliance with the requirements of the removal statute. See Albonetti v. GAF Corporation Chemical Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The removal statute, 28 U.S.C. § 1446 provides, in relevant part:

> **(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil

Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b)** <u>The notice of removal of a civil action</u> or proceeding <u>shall be filed within thirty days after the receipt by the defendant, through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.

The Supreme Court has clarified that under 28 U.S.C. § 1446 (b), a defendant's time to remove begins only *after* formal service of process. See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 143 L.Ed. 2d 448, 119 S. Ct. 1322 (1999). In <u>Murphy Bros</u>, the Court expressly held that a defendant's removal period is only "triggered by simultaneous service of the summons and complaint, or receipt of the complaint… after and apart from service of the summons, but not by mere receipt of the complaint, unattended by formal service. <u>Id</u>. (Emphasis added).

Thus, under 28 U.S.C. § 1446 (b), a defendant may only file or join in a notice of removal after being formally served with the summons and complaint, and then, has only a thirty day window to do so.

The thirty-day window also applies when there are multiple defendants to an action that have been served within the same thirty-day period. In these cases, the judicially created "unanimity rule" requires that all served defendants join or consent in the removal petition. See <u>Chicago, R.I. & P. RY. Co. v. Martin</u>, 178 U.S. 245, 248, 44 L.Ed. 1055, 20 S. Ct. 854 (1900); <u>Parrino v. FHP, Inc</u>. 146 F. 3d 699, 703 (9th Cir. 1998); <u>Hewitt V. City of Stanton</u>, 798 F. 2d 1230, 1232 (9th Cir. 1989).

### III    Argument

**A.    The Case is Subject to Remand Because No Named Plaintiffs Allege Damages Exceeding $75,000 and the Court Lacks Original Jurisdiction Under 28 USC § § 1332 (a) and 1367.**

This case is a multiple plaintiff case, in which each of the individual ten named Plaintiffs bring separate and distinct claims against the three named Defendants based on the injuries and damages they each individually suffered as a result of their pet dogs or cats becoming ill and/or dying after consuming defective pet food products manufactured by Defendants. See First Amended Complaint at para 33 to 42.

While it is true that all Plaintiffs' claims arose from the same facts and circumstances as far as the actions and omissions of Defendants are concerned, none of the ten individual Plaintiffs' claims can be said to be representative of that of another Plaintiff. Each Plaintiff suffered and is alleging a unique injury. Some Plaintiffs had a pet that became seriously ill and recovered. Some had a pet that died suddenly. Some had a pet that died after a long, protracted illness. Some Plaintiffs suffered more emotionally and psychologically than others. Some missed more work tending to a sick pet. Some Plaintiffs lost the use of a working dog or service animal. The bottom line is each individual Plaintiff is alleging a unique injury, and a separate and distinct amount of damages. That being said, because Defendants have not conducted any discovery to date, they therefore lack specific information about the amount of damages sought by each named Plaintiff and the rationale under which the damages are sought.

Also, and of great significance, is the fact that in Plaintiffs' First Amended Complaint, Plaintiffs expressly aver that "the amount in controversy of each individual Plaintiff is believed to be less than $75,000." See First Amended Complaint at para 52.

7

This averment was made by Plaintiffs in good faith, based on facts known to Plaintiffs at the time of filing. Because Plaintiffs specifically pled that the amount in controversy of each Plaintiff is less than the jurisdictional minimum, Defendants must prove to a "legal certainty," using evidence from their own files or other concrete evidence called for in Lowdermilk, *supra*, that the jurisdictional threshold has been exceeded. As shown below, because Defendants have failed to provide the requisite proof needed to prove an amount in controversy above $75,000 for at least one Plaintiff, the case is subject to remand.

1. <u>Defendants Fail to Prove the Amount in Controversy of at Least One Named Plaintiff Exceeds $75,000 to a Legal Certainty</u>

As their <u>sole</u> form proof that at least one named Plaintiff has an amount in controversy exceeding the jurisdictional threshold of $75,000, Defendants cite statements made in Plaintiffs' Request to Exempt. <u>See</u> Defendants Notice at 5-7.

Plaintiffs do not contest having made the statements in paragraphs 33 and 34 of the cited document. Plaintiffs do, however, contest the manner in which Defendants misstated and misinterpreted these statements for their purposes of assessing an amount in controversy of one or more plaintiffs. The express language contained in the paragraphs at issue in Plaintiffs' Request to Exempt follows:

> 33. Due to the above-described damages, Plaintiffs believe that the probable <u>jury award</u>, not reduced by the issue of liability, and exclusive of attorney's fees, interest and costs will be in excess of $150,000.
>
> 34. If Plaintiffs were permitted to pray for a specific amount of punitive damages, we would seek over $500,000 due to the grossly negligent and outrageous conduct of defendants.

8

In paragraph 33 of their Request to Exempt, Plaintiffs took the language, "Plaintiffs believe that the probable <u>jury award</u>, not reduced by the issue of liability, and exclusive of attorney's fees, interest and costs will be in excess of $150,000, directly from Rule 6 (A), Matters subject to arbitration, from the Hawaii Arbitration Rules.

Rule 6 (A) of the Hawaii Arbitration Rules provides: "All tort cases having a probable <u>jury award value</u>, not reduced by the issue of liability and not in excess of One Hundred Fifty Thousand Dollars ($150,000), exclusive of interest and costs, may be accepted into the Program at the discretion of the Judicial Arbitration Commission."

Significantly, both Plaintiffs' statement provided in paragraph 33 of Plaintiffs' Request to Exempt and Rule 6 (A) of the Hawaii Arbitration Rules, refer to a "probable jury award," not "a probable award of general and special damages." Nonetheless, in their Notice of Removal, Defendants represent that a probable "jury award" is equivalent to a probable "award of general and special damages." <u>See</u> Defendants Notice at 5-6. In doing so, Defendants mis-state Plaintiffs' statement provided in paragraph 33 of their Request to Exempt, and misinterpret Rule 6 (A) of the Hawaii Arbitration Rules.

Had Plaintiffs meant to state that the probable amount of general and special damages was in excess of $150,000, they certainly would have done so. Similarly, had the Hawaii Supreme Court meant to allow the exemption of only those cases having a probable award value of general and special damages in excess of $150,000, they too would have stated as much. Both Plaintiffs and the Hawaii Supreme Court incorporated the phrase "jury award" in their averments because they meant "jury award," without any reference to a limitation of general and special damages.

9

Similar to an "amount in controversy," a "jury award" encompasses all forms of damages sought by plaintiffs—including punitive damages— which are sought by Plaintiffs in the instant action. See First Amended Complaint at 18 and 21.

In the case at hand, Plaintiffs fully expect that the vast amount of any jury award will derive from punitive damages, as the amount of general and special damages typically available for pets that have become ill or died is fairly nominal. This is a fact that Defendants, as titans of the pet food industry, are no doubt aware. A review of recent case law recognizing jury awards for the wrongful death or injury of a pet supports this view. See for example, Propes v. Griffith, 25 S.W. 3d 544 (Mo. App. W.D. 2000) (plaintiffs awarded $2,000 in compensatory damages and $4,000 in punitive damages for malicious destruction of their dog); Greenup v. Weaver, No. CV 04-120778 (Clackamas Co. Ore. Cir. Ct.) (plaintiffs awarded $6,400 in compensatory damages and $50,000 in punitive damages for reckless destruction of 14 year old dog). Moreover, as Plaintiffs state in their Request to Exempt, at para 30, and, reiterate herein "this is a prime punitive damages case."

Acknowledging that like a jury award, the amount in controversy encompasses punitive damages, Plaintiffs also recognize the statement provided in paragraph 34 of their Motion to Exempt, that if permitted to pray for a specific amount of punitive damages would seek over $500,000. Therefore, the only thing that is established if one considers paragraphs 33 and 34 provided in Plaintiffs' Motion to Exempt together, is that the total amount of damages that all ten Plaintiffs are collectively seeking- the aggregated amount in controversy- is believed to be more than $150,000 and upwards of $500,000.

Defendants have offered no other form of proof of Plaintiffs' general and special damages than the statements made in Plaintiffs' Request to Exempt. Because as shown above, these statements were misinterpreted, fail to accurately represent the amount of general and special damages, and conflict with Plaintiffs' averment in their First Amended Complaint that the amount in controversy of each individual Plaintiff is believed to be less than $75,000, Defendants fail to submit the requisite proof needed to confer jurisdiction.

2    The Amount in Controversy is Properly Assessed at the Time of Removal

Throughout Defendants' Notice of Removal, Defendants assess the amount in controversy based on the original Complaint and other papers filed on May 11, 2007, when there were eight named Plaintiffs. See Defendants' Notice at 4-10. The removal petition in this case was filed on July 27, 2007, after the First Amended Complaint had been filed on June 22, 2007. The amount in controversy must therefore be based on allegations made in the First Amended Complaint, and not the original complaint. The First Amended Complaint includes the claims of ten (10) individual plaintiffs. Thus, a proper assessment of the amount in controversy must be based on ten Plaintiffs, not eight.[1]

The amount in controversy for one Plaintiff, properly applying the evidence presented by Defendants found in Plaintiffs' Request to Exempt—the only evidence presented, other than attorney's fees--results in an amount in controversy of approximately $50,000 for each Plaintiff ($500,000/10). This amount is significantly less

---

[1] This is especially true if one considers that Plaintiffs did not amend or alter the values in their Request to Exempt, filed in the First Circuit Court, and did retain the statement in their First Amended Complaint that "the amount in controversy of each individual Plaintiff is believed to be less than $75,000."

11

than the jurisdictional threshold of $75,000, which is needed to confer federal jurisdiction.

For the purposes of this Motion only, assuming that Defendants calculations for attorneys fees were accurate, Defendants would still fail to prove with requisite legal certainty that the amount in controversy for one or more Plaintiffs exceeds $75,000. Defendants contend that "it is reasonable to expect that Plaintiffs' counsel will spend a minimum of 50 hours to 100 hours per Plaintiff." See Defendants' Notice at 9. Even though 50 to 100 hours is a rather wide margin, for a "minimum" amount of hours per Plaintiff, the calculations for both the low and high points of the range are conducted below.

The amount in controversy per Plaintiff, based on Defendants' calculations for 50 hours per plaintiff is $56,750 (($135 X 50) = $6,750 + $50,000). This amount is significantly less than the $75,000 needed to confer jurisdiction.

The amount in controversy achieved assuming the maximum amount of attorney's fees proffered by Defendants of $13,500 per Plaintiff, based on 100 hours of work per Plaintiff is $63,500 ($13,500 + $50,000). The amount in controversy using the maximum number of attorney's fees presented by Defendants still results in an amount in controversy well below the $75,000 jurisdictional threshold.

Because Defendants failed to offer any concrete proof or evidence regarding general and specific damages sought by Plaintiffs, and because the only evidence provided by Defendants fails to establish that that the amount in controversy of at least one Plaintiff exceeds the jurisdictional threshold of $75,000, Defendants failed to prove to a legal certainty that original jurisdiction exists. Because Defendants failed to meet

their burden, the court lacks jurisdiction of the case and it should be remanded to the First Circuit Court.

**B.    The Case is Subject to Remand on Procedural Grounds, as Defendants' Notice of Removal is Defective.**

As recognized above, Defendant Menu Foods Holdings was served with the First Amended Complaint and Summons on July 9, 2007. Defendant Menu Foods Income Fund was served with the same on July 13, 2007, and Defendant Menu Foods, Inc. was served on August 1, 2007. See Plaintiffs' Declarations of Service for the three defendants, and associated documents, attached hereto as Exhibit "1".

Defendants filed their Notice of Removal in this court on July 27, 2007. While Defendants fail to state anywhere in their Notice filed with *this* court which Defendants had joined in the Notice, counsel for defense has signed the Notice as an attorney for "Defendants Menu Foods, Inc. and Menu Foods Holdings." See Defendants Notice at 12. Moreover, Defendants' Notice of Filing Notice of Removal filed in the First Circuit Court on July 31, 2007, acknowledged it as "Menu Foods' Inc. and Menu Foods Holdings, Inc.'s Notice of Filing Notice of Removal." See Exhibit "2", attached hereto.

Menu Foods, Inc. had not been served with the summons or complaint at the time either Notice was filed, and was not formally served until August 1, 2007. As such, according to the rule enunciated by the U.S. Supreme Court in Murphy Bros., *supra*, Defendant Menu Foods, Inc.'s right to remove the action was not yet triggered at the time Defendants filed their Notice of Removal, as such they were improperly included joined in the Notice, rendering it defective.

Plaintiffs also strongly contend that Defendants Menu Foods Income Fund had been properly served on July 13, 2007, prior to Defendants filing their Notice of

13

Removal, and should have had to consent to and/or join in the Notice of Removal.[2] Because Defendant Menu Foods Income Fund had been served on July 13, 2007 and failed to consent and/or otherwise join in Defendants Notice of Removal within the thirty-day window permitted under 28 U.S.C. § 1446 (b), Defendants' Notice is also procedurally defective.

Plaintiffs' counsel concedes that initially there may have been some confusion regarding dates of service of process, however, this is so if one only considers the Declarations of Service that were filed by Plaintiffs' counsel in the First Circuit Court and, following removal, in this court. It is not incumbent upon Plaintiffs' counsel to notify Defense counsel when their own clients have been served. Defense counsel should have been able to obtain and/or confirm dates of service from their clients directly, or from other counsel employed by Defendants to defend them. In addition, in the Declaration of Service filed by Plaintiff in First Circuit Court on July 25, 2007, Plaintiff attached the actual declarations provided by the process servers who served Defendants Menu Foods Holdings, Inc. and Menu Foods Income Fund. Defendants had access to the process servers' declarations and could have determined when which Defendants were served, simply by looking at the attachments. At no time did Plaintiffs' counsel knowingly offer inaccurate information to Defense counsel or the court.

Because Defendants failed to properly join the parties who had been formally served at the time they filed their Notice of Removal, the notice is defective and the case is subject to remand.

---

[2] The parties are currently in dispute regarding the status of service of process on Defendant Menu Foods Income Fund. See Defendants' Motion to Quash or Alternatively to Dismiss, filed on August 3, 2007, and Plaintiffs' Memorandum in Opposition to Defendants' Motion filed on August 21, 2007.

## IV. Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that their Motion to Remand be granted.

DATED: Honolulu, Hawaii, August 26, 2007.

/s/ Emily A. Gardner
EMILY A. GARDNER,
Attorney for Plaintiffs Valerie Sylvester, *et al.*