EMILY A. GARDNER 6891
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 402
Honolulu, Hawai'i 96813
Telephone: (808)-540-0200
Facsimile: (808)-540-0201
Email: eagardner@hawaii.rr.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. CV07-00409HGKSC<br>(Non-Vehicle Tort)<br><br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS; CERTIFICATE OF SERVICE |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS

I.    Introduction

Plaintiffs in the above named action herein oppose Defendants' Motion to Stay All Proceedings in the case, which has been filed on behalf of Hawai'i pet owners who had pets that became seriously ill and/or died as a result of consuming defective pet food products manufactured by Defendants.

Plaintiffs recently filed a Motion to Remand this case to the First Circuit Court of the State of Hawaii, where it was originally filed based on the fact that Plaintiffs have concluded that in their Notice of Removal filed with this court on July 27, 2007, Defendants' failed to effectively prove that this court has original jurisdiction over the matter under 28 U.S.C. §§ 1332 (a) and 1367.

Plaintiffs herein argue that Defendants' Motion to Stay all Proceedings should be denied, or urge at minimum, that a decision on the matter be postponed until after a decision has been reached on Plaintiffs' Motion to Remand. Until the appropriate forum is determined, judicial economy would best be served by first addressing the remand issue because a determination on this issue will facilitate additional litigation in the appropriate forum, and lessen the risk of re-litigating an issue.

II.     <u>Argument</u>

<u>Defendants Motion to Stay all Proceedings Should Not be Granted Until the Appropriate Judicial Forum is Determined</u>

In circumstances where jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate. <u>Smith v. Mail Boxes Etc., USA, Inc.</u>, 191 F. Supp. 2d 1155, at 1157 (E.D. Cal. 2002). See also <u>Tortola Rest., L.P. v. Kimberly-Clark Corp.</u>, 987 F. Supp. 1186, at 1188-89 (N.D. Cal. 1997); <u>Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft</u>, 54 F.Supp. 2d 1042 at 1047 (D. Kan. 1999); <u>Villarreal v. Chrysler Corp.</u>, 1996 WL 116382 (N.D. Cal. Mar 12, 1996).

Here, jurisdiction of the court is clearly at issue and has been strongly contested by Plaintiffs their Motion to Remand on the basis of Defendants' failure to prove that one

or more of Plaintiff's have an amount in controversy in excess of the jurisdictional threshold of $75,000, exclusive of interest and costs, and under the requisite standard of proof articulated by the court in Lowdermilk v. U.S. Bank National Ass'n 479 F.3d 994, 998 (9th Circuit, 2007).

In Villarreal, *supra*, the court held it was proper to first address the merits of plaintiff's motion to remand before considering whether a stay is appropriate. In so doing, the court reasoned that judicial economy would best be served by first addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.

Thus, until this Court rules on Plaintiffs' Motion to Remand and the proper judicial forum is established, it would be premature for the Court to order a stay of proceedings.

### III. Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Stay all Proceedings should be denied, or a decision on the matter be postponed until a decision on Plaintiffs' Motion to Remand has been made.

DATED: HONOLULU, HAWAII, AUGUST 26, 2007

/s/ Emily A. Gardner
Attorney for Plaintiffs Valerie Sylvester *et al.*