EMILY A. GARDNER            6891
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 402
Honolulu, Hawai'i  96813
Telephone: (808)-540-0200
Facsimile: (808)-540-0201
Email: eagardner@hawaii.rr.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. CV07-00409HGKSC<br>(Non-Vehicle Tort)<br><br>PLAINTIFFS' EX PARTE MOTION FOR RELIEF OF LOCAL RULES 7.4 AND 6.1 OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII; DECLARATION OF EMILY A. GARDNER; EXHIBIT "1"; CERTIFICATE OF SERVICE |

PLAINTIFFS' EX PARTE MOTION FOR RELIEF OF LOCAL RULES 7.4 AND 6.1
OF THE RULES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HAWAII

Plaintiffs herein seek relief of Local Rules 7.4 and 6.1 of the Rules of the United

States District Court for the District of Hawaii, as applied to the recent filings of:  1)

Plaintiffs' Motion for Remand, and 2) Plaintiffs' Memorandum in Opposition to

Defendants' Motion for a Stay of All Proceedings, both filed electronically on August 26,

2007,  due to unforeseen exigent circumstances that occurred in the office building

occupied by Plaintiffs' counsel the week of August 20- August, 24, 2007, rendering it uninhabitable.

Plaintiffs' counsel occupies an office on the fourth floor of the Dillingham Transportation Building located at 735 Bishop Street. On or about Monday, August 20, 2007, several tenants on the fourth floor of the building began complaining of strange vapors and/or chemical odors. During the course of the week, some people became so ill they vomited from exposure to whatever the agent was. Several experienced other physical symptoms including difficulty breathing, chest pains and headaches.

On or about the afternoon of Tuesday, August 21, 2007, the odor/vapor/agent became so strong in the office of Plaintiffs' counsel that counsel had to leave, after notifying both building management and the Hawaii Department of Health.

On or about Wednesday afternoon, August 22, 2007, Plaintiffs' counsel became ill and experienced difficulty breathing, in addition to suffering from extreme nausea. A medical evaluation revealed that Plaintiffs' counsel had experienced burns/inflammation of her nasal passages and airway. A doctor counseled Plaintiffs' counsel not to return to her office until the cause of the problem was determined and her symptoms subsided.

Counsel for Plaintiffs was unable to have access to her complete files during this time. On or about Friday, August 24, 2007, Plaintiffs' counsel arranged for someone to download the files from her office computer onto a portable hard-drive, so she could work from home until the situation was resolved.

Plaintiffs' counsel made every possible effort to comply with the Local Rules established for filing deadlines (L.R. 7.4., Motions, Opposition and Reply; and L.R. 6.1., Computation of Time) relating to Plaintiffs' Motion for Remand, filed on August 26,

2007, and Plaintiffs' Memorandum in Opposition to Defendants' Motion for Stay, also filed on August 26, 2007.

Plaintiffs' Motion for Remand, filed on August 26th, was filed within thirty (30) days of Defendants' Notice of Removal, which was filed on July 27, 2007, and was filed in compliance with L.R. 5.3., the rule for Electronic filing. It was not, however, conclusively filed within the deadlines prescribed under L.R. 6.1 for computation of time, because even though it was not filed "more than" 30 days after Defendants' Notice of Removal, it was not filed on the Friday prior to the 30-day deadline, which was August 26, 2007.

Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay, also filed electronically on August 26, 2007, was due on Thursday, August 23, 2007 under L.R. 7.4. Because Plaintiffs' counsel did not have safe access to her office and/or her files during this time, Plaintiffs' counsel respectfully requests relief under the rule as Plaintiffs' counsel made her best attempts to comply with the rules in the face of unforeseen exigent circumstances that not only limited safe access to her building and files, but also rendered Plaintiffs' counsel ill.

This motion is based on the files and records of the case, along with declaration of counsel and exhibits attached hereto.

For all the foregoing reasons, Plaintiffs respectfully request that the court grant Plaintiffs' request for relief.

DATED: HONOLULU, HAWAII, AUGUST 28, 2007

        /s/ Emily Gardner
        EMILY A. GARDNER
        Attorney for Plaintiffs
        Valerie Sylvester et al.