ORIGINAL

Emily A. Gardner    #6891
Attorney at Law, LLLC
735 Bishop Street, Suite 402
Honolulu, HI 96813
Tel: (808) 540-0200
Fax: (808) 540-0201

Attorney for Plaintiffs
Valerie Sylvester, et al

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 04 2007

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. CV07-00409 ACK KSC<br>(Non-Vehicle Tort)<br><br>PLAINTIFFS' NOTICE OF FILING OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-4) WITH JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; EXHIBIT "1"; CERTIFICATE OF SERVICE |

PLAINTIFFS' NOTICE OF FILING OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-4) WITH JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris

Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-

Sands have filed an Opposition to Conditional Transfer Order (CTO-4) with the Judicial

Panel on Multidisctrict Litigation, objecting to the transfer of this case as a "tag-along

action" pursuant to Rule 7.4 (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML). Exhibit "1," attached hereto.

Procedure in MDL after Notice of Opposition Filed

According to JPML Rule 7.4(d), "within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel." The briefing schedule is set by the clerk of the Panel. JPML Rule 7.4 (c ).

Notice of Opposition Stays Service and Execution of Conditional Transfer Order to Transferee Court

Pursuant to JPML rule 7.4(c ), upon receipt of the notice of opposition "the clerk of the panel shall not transmit the conditional transfer order to the clerk of the transferee court until further order of the Panel." Because conditional transfer orders do nto become effective unless and until they are filed with the clerk of the transferee district court, filing the notice of opposition stays execution of the conditional transfer order." Fu's Garden Restaurant v. Archer-Daniels Midland Company, 2000 WL 635440, *1 (N.D. Cal. 2000).

Transferee Court Retains Jurisdiction to Decide Pending Motions to Remand and Stay

Under JPML Rule 1.5, this Court retains jurisdiction to decide the pending motions to remand and stay that have been filed.

<u>The pendency of a</u> motion, order to show cause, <u>conditional transfer order</u> or conditional remand order before the Panel concerning transfer or remand of an action <u>pursuant to 28 U.S.C. § 1407</u> does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and <u>does not in any way limit the pretrial jurisdiction of the court</u>. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the district court of the transferee district.

Thus, during the pendency of a conditional transfer order pursuant to 28 U.S.C. § 1407, the transferee court retains jurisdiction to decide a pending motion to remand. <u>Fu's Garden</u>, *supra*. <u>Faulk v. Owens-Corning, Fiberglass Corp.</u>, 48 F. Supp. 2d 653, 657 n.2 (E.D. Texas Beaumont Division 1999).

DATED: HONOLULU, HAWAII, SEPTEMBER 4, 2007

_____
EMILY A. GARDNER
ATTORNEY FOR PLAINTIFFS
VALERIE SYLVESTER et al