EMILY A. GARDNER        6891
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 402
Honolulu, Hawai'i 96813
Telephone: (808)-540-0200
Facsimile: (808)-540-0201
Email: eagardner@hawaii.rr.com

Attorney for Plaintiffs

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2007 JUN 22 PM 2:25

R. HIGA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. 07-1-0848-05 SSM<br>(Non-Vehicle Tort)<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR ECONOMIC AND NON-ECONOMIC DAMAGES; EXHIBITS "1"- "3"; FIRST AMENDED DEMAND FOR JURY TRIAL; FIRST AMENDED SUMMONS TO ANSWER CIVIL COMPLAINT |

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND FOR ECONOMIC AND NON-ECONOMIC DAMAGES

Plaintiffs Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands ("Plaintiffs") individually, through their attorney, Emily A. Gardner, Attorney at Law, file this complaint against Defendants Menu Foods, Inc., a New Jersey Corporation, Menu Foods

EXHIBIT B

Holdings, Inc. a Delaware Corporation, and Menu Foods Income Fund, an unicorporated Canadian business (collectively "Menu Foods"), and allege, based upon the best of Plaintiffs' knowledge, information and belief, as follows:

I.  INTRODUCTION

    1.    In this case, Menu Foods produced, manufactured, marketed and/or sold adulterated dog and cat food that contained aminopterin, a type of rat poison and melamine, an industrial chemical used in manufacturing plastics and in fertilizer in countries outside the United States. The food contaminants have been shown to cause serious injury, illness and/or death to dogs and cats. A current listing of the recalled dog and cat food products ("Recalled Products") manufactured by Defendants is contained on Exhibit "1" attached to the complaint.

    2.    Menu Foods has admitted that its products were adulterated and has initiated a voluntary recall of its dog and cat food products manufactured from November 8, 2006 through March 6, 2007. (See Exhibit "2," Statement of Paul Henderson, President and Chief Executive Officer of Menu Foods before the U.S. House of Representatives Committee on Energy and Commerce Subcommittee on Oversight and Investigations, at http://menufoods.com/recall/PR%20Introductory%Remarks%2004242007.htm, attached hereto).

    3.    This action seeks the following relief for Plaintiffs, several Hawai'i pet owners who purchased Menu Foods' adulterated food for their dogs and cats, fed it to their dogs and cats, with the direct result that their dogs and cats became seriously ill and/or died in Hawaii:

    a)    Declaratory relief that Menu Foods sold adulterated pet food in violation of the Hawai'i Food, Drug & Cosmetic Act, HRS Chapter 328, which prohibits the manufacture,

EXHIBIT B

sale, delivery, holding, or offering for sale of any food that is adulterated because it contains a poisonous or deleterious substance which may render it injurious to health. Under HRS 328-1, "Food" is expressly defined as "articles used for food or drink by humans, dogs or cats." (Emphasis added).

        b)    Actual damages (including all general, special, incidental and consequential damages) for the costs associated with purchasing the adulterated and contaminated food, for any and all out of pocket expenses associated with purchasing replacement foods, for obtaining necessary veterinary care and treatment; paying for medicines and/or veterinary supplies; for costs associated with post-mortem examinations and/or necropsies; for costs associated with cremation and/or burial of remains; for wage loss incurred as a result of having to provide care for a sick dog or cat; and/or for costs associated with the rendering of psychiatric services to surviving owners, and punitive damages, as permissible by law.

        c)    Other economic and non-economic damages incurred by Plaintiffs including but not limited to damages representing the intrinsic, special or unique value of Plaintiffs' deceased pet dogs or cats; damages relating to loss of use of Plaintiffs' pet dogs or cats; damages relating to severe emotional distress, interference with Plainitffs' lives and the quiet enjoyment of their realty and personalty; all subject to proof and modification at trial.

## II.    Factual Background

    4.    In March 2007 Menu Foods recalled 53 brands of cuts and gravy style wet dog food and 42 brands of cuts and gravy style wet cat food which had caused dogs and cats to

EXHIBIT B

## II. PARTIES AND JURISDICTION

33.     Plaintiff Valerie Sylvester is and was at all times relevant hereto a resident of the City and County of Honolulu, who purchased Iams Chicken with Chunks in Gravy canned dog food at Walmart in Honolulu, in early March 2007, and fed it to her beagle named Twinkles. Twinkles subsequently died.

34.     Plaintiff David Pang is and was at all times relevant hereto a resident of the City and County of Honolulu, who purchased Ol'Roy Hearty Cuts in Gravy canned dog food at Walmart in Honolulu, from December through January 2006, and fed it to his Staffordshire terrier named Kuma. Kuma subsequently died.

35.     Plaintiff Andrew Garcia is and was at all times relevant hereto a resident of the City and County of Honolulu, who purchased Ol'Roy Hearty Cuts in Gravy canned dog food from Walmart in Honolulu from December 2006 through February 2007, and fed it to his mixed-breed dog named Braddah. Braddah subsequently died.

36.     Plaintiff Ruth Camargo is and was at all times relevant hereto a resident of Maui County, who purchased Ol'Roy Hearty Cuts in Gravy pouched dog food from Walmart on Maui through the recall period and fed it to her Shih Tsu named Gilby. Gilby subsequently died.

37.     Plaintiff Chris Hubbard is and was at all times relevant hereto a resident of the City and County of Honolulu who purchased Special Kitty Filet Mignon cat food in pouches from Walmart in Honolulu from October 2006 through March 2007 and fed it to his domestic short-haired cat named Boots. Boots subsequently died.

EXHIBIT B

38. Plaintiff Stacey Collins is and was at all times relevant hereto a resident of Kauai County who purchased Nutro Natural Choice Chicken and Brown Rice dog food in pouches from PetCo from November 2006 through March 2007 and fed it to her French bulldog named Elvis. Elvis subsequently became gravely ill in February 2006 and continues to receive veterinary treatment and follow-up.

39. Plaintiff Randall Bandmann is and was at all times relevant hereto a resident of the County of Kauai, who purchased Ol'Roy canned Hearty Slices in Gravy dog food from Walmart in Lihue, Kauai, in December 2006 and fed it to his Shih Tsu named Keawe. Keawe subsequently became ill.

40. Plaintiff Kelly Engle is and was at all times relevant hereto a resident of the City and County of Honolulu who purchased Special Kitty Select Gourmet Cat Food (Chicken and Mixed Grill) from Walmart in Honolulu from November 2006 through February 2007 and fed it to her domestic short-haired cat named Bubba. Bubba subsequently became gravely ill and continues to receive veterinary care.

41. Plaintiff Pam Gould is and was at all time relevant hereto a resident of Maui County who purchased Priority One recalled pet food from Safeway in Kahului, Maui in February through March 2007 and fed it to her domestic short-haired cat named Velcro. Velcro subsequently became gravely ill and continues to receive veterinary care.

42. Plainitff Erik Coral-Sands is and was at all times relevant hereto a resident of Maui County who purchased Ol'Roy dog food (Lamb and Rice and Beef Heatry Slices in Gravy) from Walmart in Maui for several years, through March 2007 and fed it to his Labrador

EXHIBIT B

retriever mixed breed dog named Brown Dog. Brown Dog subsequently became severely ill and died.

43. Defendant Menu Foods, Inc. is a New Jersey Corporation with its principal place of business at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110.

44. Defendant Menu Foods Income Fund is an unincorporated company established under Ontario, Canada law pursuant to a declaration of trust dated May 22, 2002. Menu Foods Operating Trust maintains its headquarters at 8 Falconer Drive, Streetsville, Ontario, Canada L5N

45. Defendant Menu Foods Holdings, Inc. is a Delaware Corporation which owns Defendant Menu Foods, Inc. Defendant Menu Foods Holdings, Inc. maintains the Corporation Trust as its registered agent for service of process at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

46. On information and belief, Defendants Menu Foods Inc., Menu Foods Income Fund and Menu Foods Holdings, Inc. operate in the United States and Canada through a series of interlocking companies including but not limited to Menu Foods Midwest Corporation, Menu Foods Trust, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisitions, Inc., Menu Foods Limited, all of which are Canadian business entities located at 8 Falconer Drive, Streetsville, Ontario, Canada.

47. At all time relevant Defendants Menu Foods Inc. Menu Foods Income Fund and Menu Foods Holdings, Inc., Menu Foods Midwest Corporation, Menu Foods Trust, Menu Foods Operating Trust, Menu Foods Limited Partnership, Menu Foods Acquisitions, Inc.

EXHIBIT B