Sylvester et al v. Menu Foods, Inc. et al                                                    Doc. 28 Att. 5
Case 1:07-cv-00409-ACK-KSC   Document 28-6   Filed 09/13/2007   Page 1 of 18
Case 1:07-cv-00409-ACK-KSC   Document 11    Filed 08/../2007   Page 1 of 2

LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE 1617-0
BARBARA J. KIRSCHENBAUM 5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii 96813
Tel. No. (808) 546-7575
Fax. No. (808) 546-7070
Email address: clove@lkhawaii.com

Attorneys for Defendants Menu Foods
Inc., Menu Foods Holdings, Inc., and
Menu Foods Income Fund

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>Defendants. | CIVIL NO. CV 07-00409 ACK-KSC<br>(Non-Vehicle Tort)<br><br>NOTICE OF HEARING; MENU FOODS INCOME FUND'S MOTION TO QUASH, OR, ALTERNATIVELY, TO DISMISS; MEMORANDUM OF LAW IN SUPPORT OF MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS; EXHIBIT A; DECLARATION OF CRISTEN SIKES ROSE; DECLARATION OF CHAD P. LOVE; CERTIFICATE OF SERVICE |

EXHIBIT F

Dockets.Justia.com

## NOTICE OF HEARING

TO:  EMILY A. GARDNER, ESQ.
Dillingham Transportation Building
735 Bishop St., Ste. 402
Honolulu, HI 96813
(Attorney for Plaintiffs)

NOTICE IS HEREBY GIVEN that the above-entitled motion shall come on for hearing before the Honorable Kevin S. Chang, Judge of the above-entitled Court, in his courtroom in the Prince Jonah Kuhio Kalanianaole Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii 96850, at _____ __.m., on _____, 2007, or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, ____August 3, 2007____.

_C·L_ /s/ Chad P. Love_____
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Defendant Menu Foods
Holdings, Inc., and Menu Foods, Inc.,
and Menu Foods Income Fund

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>Defendants. | CIVIL NO. CV 07-00409 ACK-KSC<br>(Non-Vehicle Tort)<br><br>MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS |

## MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS

Defendant Menu Foods Income Fund (the "Income Fund") moves to quash Plaintiffs' purported service of process upon it or, alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(2) for insufficiency of process, insufficiency of service of process, and lack of jurisdiction. Although service

undoubtedly was improper, counsel for the Income Fund nonetheless repeatedly has offered to accept service of Plaintiffs' Complaint in exchange for a brief extension to respond that is consistent with the extension this Court previously granted co-Defendants Menu Foods, Inc., and Menu Foods Holdings, Inc. Plaintiffs steadfastly refused to extend this reasonable courtesy. These obstructive actions have forced the Income Fund to file an *ex parte* application for an extension. That application remains pending, but if the Court grants it, the Income Fund hopes that it will be able to resolve service issues and withdraw this motion, and then respond to the Complaint at the same time as its co-defendants. However, to reserve its rights as a foreign unincorporated business entity that has not been sued and served properly, the Income Fund must file this motion to quash or dismiss.

This Motion is made pursuant to Fed. R. Civ. P. 4(f), 4(h), 7, 12(b)(4), 12(b)(5), and 12(b)(2), Rules 7.1 thru 7.6 of the Local Rules of the United States District Court for the District of Hawaii, the memorandum, and declarations attached hereto, and the records and files herein.

DATED: Honolulu, Hawaii, ___August 3, 2007___.

        /s/ Chad P. Love
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM
Attorneys for Defendant Menu Foods
Holdings, Inc., and Menu Foods, Inc.,
and Menu Foods Income Fund

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>Defendants. | CIVIL NO. CV 07-00409 ACK-KSC<br>(Non-Vehicle Tort)<br><br>MEMORANDUM OF LAW IN SUPPORT OF MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS |

**MEMORANDUM OF LAW IN SUPPORT OF MENU FOODS INCOME FUND'S MOTION TO QUASH OR, ALTERNATIVELY, TO DISMISS**

Defendant Menu Foods Income Fund (the "Income Fund") submits this memorandum in support of its motion to quash Plaintiffs' purported service of process upon it or, alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(4),

EXHIBIT E

12(b)(5), and 12(b)(2) for insufficiency of process, insufficiency of service of process, and lack of jurisdiction over the person.

I. STATEMENT OF FACTS.

The Income Fund is an unincorporated open-ended trust under the laws of the Province of Ontario, Canada. Declaration of Cristen Sikes Rose ("Rose Decl."); Complaint ¶ 44 (alleging that Income Fund is a trust operating in Ontario, Canada). Plaintiffs filed their First Amended Complaint/Summons against the Income Fund -- along with Menu Foods, Inc., and Menu Foods Holdings, Inc. -- in the Circuit Court of the First Circuit Court for the State of Hawaii on or about June 22, 2007. Defendants Menu Foods, Inc., and Menu Foods Holdings, Inc., were served on or about July 13 and July 9, 2007, respectively. On July 27, 2007, Menu Foods, Inc., and Menu Foods Holdings, Inc., removed this action to this Court.

On July 31, 2007, Plaintiffs filed a "Return of Service" related to the Income Fund in the First Circuit Court. *See* Exh. A. This "Return of Service" asserts that the Income Fund was served by substitute service on "Mark Wiens as Chief Financial Officer of Menu Foods Income Fund." *Id.*

Plaintiffs' first filing in this Court with regard to service of the Summons occurred on August 1, 2007. On that date, Plaintiffs filed with this Court a "Declaration of Service" asserting that Menu Foods, Inc., had been served and

-2-

EXHIBIT E

providing supporting documentation for that entity alone. Dkt. No. 6. Nevertheless, Plaintiffs' docket entry asserted that all three Menu Foods Defendants, including the Income Fund, had been served. *See id.* As this Court noted on August 2, 2007, Plaintiffs failed to attach supporting documentation with regard to Menu Foods Holdings, Inc., or the Income Fund. Accordingly, this Court requested that Plaintiffs correct that entry. As of the time of this filing, Plaintiffs have not done so and no purported "Return of Service" on the Income Fund has been filed in this Court.

On at least three occasions, July 30, 2007, July 31, 2007, and August 2, 2007, counsel for the Income Fund contacted Plaintiffs' counsel and offered to accept service on the Income Fund in exchange for a reasonable extension to respond to the First Amended Complaint/Summons. Declaration of Chad P. Love. Plaintiffs refused to extend this courtesy. *See id.*

## II. PLAINTIFFS DID NOT PROPERLY SERVE OR NAME INCOME FUND.

### A. Per Hague Convention and Canadian law, Plaintiffs Never Served the Proper Person.

The Federal Rules of Civil Procedure authorize service on a foreign entity pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Fed. R. Civ. P.

EXHIBIT E

4(f)(1) and 4(h)(2). "One important objective of the Convention is to provide means to facilitate service of process abroad." *Volkswagen AG v. Schlunk*, 486 US 694, 704 (1988). Service of process on a foreign domiciliary of a signatory to the Hague Convention in contravention of its strictures may be invalid. *Id.* Canada is a signatory to the Hague Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, May 1, 1989, Treaty Series, No. 2, Canada, 1989; *see also Darko, Inc. v. Megablocks, Inc.*, 2006 WL 2945954 * 1 (N.D. Ohio Oct. 13, 2004) (noting that Canada is a signatory to the Hague Convention).

The Hague Convention establishes a system of service whereby each participating country designates a Central Authority to receive and execute requests for service of process. Hague Convention, Art. 2-6. Plaintiffs' "Return of Service" for the Income Fund filed in the First Circuit Court reveals that Plaintiffs' First Amended Complaint/Summons purports to have been served directly by a process server, rather than through the Canadian Central Authority. The Hague Convention does not prohibit methods of service that would be acceptable under the local law where the Summons and Complaint are served. Hague Convention, Articles 10 and 19. Thus, Plaintiffs' election to serve the Income Fund by a method other than the Central Authority is permissible only if it is authorized under Canadian law and procedure. It is not.

EXHIBIT E

Plaintiffs' attempt to substitute service of the First Amended Complaint/Summons on Mark Wiens on behalf of the Income Fund also is improper. Mr. Wiens is not a trustee of the Income Fund. *See* Rose Decl. Nor is he its Chief Financial Officer as erroneously stated in Plaintiffs' return of service. *Id.* Accordingly, process and substituted service of process on him for the Income Fund is insufficient.

### B. Plaintiffs Sued the Wrong Entity.

As in the United States, it is not proper to sue a trust by naming the entity. See Ontario Civil Practice Rules of Civil Procedure, Rule 9.01 ("A proceeding may be brought by or against an executor, administrator or trustee as representing an estate or trust and its beneficiaries without joining the beneficiaries as parties"). Plaintiffs, however, purport to name the Income Fund directly. The Income Fund is not a proper defendant and process on it is invalid.

### C. Plaintiffs Bear the Burden of Demonstrating Proper Service.

It is clear from the above discussion that service was improper. A defendant may seek to quash service or, alternatively, to dismiss for improper service and service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354 (2004).

EXHIBIT E

Although the Income Fund is the movant on this motion, Plaintiffs bear the burden of establishing that service and service of process were proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service is insufficient, this Court may dismiss the case, or it may retain jurisdiction but quash service. *Hickory Travel Systems, Inc. v. Tui AG, Tui*, 213 F.R.D. 547, 553 (N.D.Cal. 2003)

### III. CONCLUSION

Because Plaintiffs have refused the Income Fund's offer to accept service and have not served it properly, the purported service of process against the Income Fund must be quashed. Alternatively, this action should be dismissed as to the Income Fund for improper process and service of process. However, should this Court grant the Income Fund's application for an extension, it anticipates that it will be able to resolve service issues with Plaintiffs and withdraw this motion.

DATED: Honolulu, Hawaii, ___August 3, 2007___.

                                   /s/ Chad P. Love
                                 CHAD P. LOVE
                                 BARBARA J. KIRSCHENBAUM

                                 Attorneys for Defendant Menu Foods
                                 Holdings, Inc., and Menu Foods, Inc.,
                                 and Menu Foods Income Fund

EXHIBIT E

```
                                              1ST CIRCUIT COURT
                                              STATE OF HAWAII
                                                   FILED

                                              2007 JUL 31  PM 3:58
EMILY A. GARDNER        6891
Attorney at Law                                    N. ANAYA
Dillingham Transportation Building           ─────────────────
735 Bishop Street, Suite 402                        CLERK
Honolulu, Hawai'i 96813
Telephone: (808)-540-0200
Facsimile: (808)-540-0201
Email: eagardner@hawaii.rr.com
```

Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands<br><br>Plaintiffs,<br><br>v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unicorporated Canadian business; Doe Entities and Individuals 1- 100,<br><br>Defendants. | Civil No. 07-1-0848-05 SSM<br>(Non-Vehicle Tort)<br><br>SUPPLEMENT TO DECLARATION OF SERVICE, filed July 25, 2007; EXHIBIT "3"<br><br>(Menu Foods Income Fund) |

### SUPPLEMENT TO DECLARATION OF SERVICE

1. I, Emily A. Gardner, am the attorney for the Plaintiffs in the above-captioned matter.

2. I am an attorney licensed to practice law in all Courts of the State of Hawaii. I make this Declaration based upon my own personal knowledge of the matters set forth herein and am competent to testify thereto.

EXHIBIT E

EXHIBIT A

3. Attached hereto as Exhibit "3" is the original return of service affirming that the First Amended Summons to Answer the Civil Complaint and First Amended Complaint was served upon Defendant Menu Foods Income Fund, at 8 Falconer Drive, Streetsville, Ontario, Canada on July 13, 2007.

4. In the Declaration of Service filed with the court on July 25, 2007, Exhibit "1" was incorrectly noticed as the original return of service affirming that the First Amended Summons to Answer the Civil Complaint and First Amended Complaint was served upon Defendants Menu Foods, Inc., a New Jersey Corporation. It was actually a faxed copy of the return of service affirming service upon Defendant Menu Foods Income Fund, at 8 Falconer Drive, Streetsville, Ontario, Canada.

5. Nationwide Legal Support, Inc., the company handling the service of the three (3) defendants in the matter had told me verbally that all three defendants had been served, and that it was, Menu Foods, Inc., the New Jersey Defendant who had been served on July 13, 2007. This miscommunication contributed to the error in the Declaration of Service that was filed on July 25, 2007.

6. As of the date of this filing, Defendant Menu Foods Income Fund in Streetsville, Ontario, Canada was served on July 13, 2007, and Defendant Menu Foods Holdings, Inc., a Delaware Corporation, was served on July 9, 2007, as provided in Exhibit "2" to the Declaration of Service filed on July 25, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: HONOLULU, HAWAII, July 31, 2007

EMILY A. GARDNER

2

EXHIBIT E

EXHIBIT A

# RETURN OF SERVICE

State of Hawaii                County of Honolulu                First Circuit Court

Case Number: 07-1-0848-05 SSM

Plaintiff:
**Valerie Sylvester, et al.**
vs.
Defendant:
**Menue Foods, Inc., a New Jersey Corporation, et al.**

For:
  Emily A. Gardner Attorney at Law, LLLC

Received by Nationwide Legal Support, Inc. to be served on **Menu Foods Income Fund, 8 Falconer Drive, Streetsville, Ontario, CN L5N. I,** Peter Hunt, do hereby affirm that on the 13th day of July, 2007 at 3:30 P.m., executed service by delivering a true copy of the First Amended Summons to Answer Civil Complaint; First Amended Complaint; Exhibit 1 to 3; First Amended Demand for Jury Trial; First Amended Summons to Answer Civil Complaint; in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving MARK WIENS as CHIEF FINANCIAL OFFICER OF MENU FOODS INCOME FUND.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

( ) Custodian of Records: By serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

I declare under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct. I am over the age of 18 and have no interest in the above action.

PROCESS SERVER # N/A
Appointed in accordance
with State Statutes

Nationwide Legal Support, Inc.
Dba Eleanor's Nationwide Legal Support
18226 Ventura Blvd., Suite 208
Tarzana, CA 91356
(818) 774-9757
Our Job Serial Number: 2007001151

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9s



EXHIBIT E
EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER; DAVID PANG; ANDREW GARCIA; RUTH CAMARGO; CHRIS HUBBARD; STACEY COLLINS; RANDALL BANDMANN; KELLY ENGLE; PAM GOULD; and ERIK CORAL-SANDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>        Defendants. | CIVIL NO. CV 07-00409 ACK-KSC<br>(Non-Vehicle Tort)<br><br>DECLARATION OF CRISTEN SIKES ROSE |

### DECLARATION OF CRISTEN SIKES ROSE

1.  I am one of the attorneys representing Defendant Menu Foods Income Fund in the above-captioned proceeding and am competent to testify as to the matters stated herein.

WASH1\4912427.1

EXHIBIT E

2. Menu Foods Income Fund is an unincorporated open-ended trust under the laws of the Province of Ontario, Canada.

3. Mark Wiens is not a trustee of Menu Foods Income Fund and is not the Chief Financial Officer of the Menu Foods Income Fund.

DATED: Washington, D.C., August 3, 2007.

/s/ Cristen Sikes Rose
CRISTEN SIKES ROSE

EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE SYLVESTER, DAVID PANG, ANDREW GARCIA, RUTH CAMARGO, CHRIS HUBBARD, STACEY COLLINS, RANDALL BANDMANN, KELLY ENGLE PAM GOULD and ERIK CORAL-SANDS<br><br>Plaintiff,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>Defendants. | CIVIL NO. CV07-00409 ACKKSC<br>(Non-Vehicle Tort)<br><br>DECLARATION OF CHAD P. LOVE |

**DECLARATION OF CHAD P. LOVE**

The undersigned hereby declares that:

1. I am an attorney licensed to practice law before all the Courts in the State of Hawaii and the United States District Court, District of Hawaii; I am one

EXHIBIT E

of the attorneys representing Defendant MENU FOODS INCOME FUND (the "Income Fund") in the above-captioned proceeding and am competent to testify as to the matters stated herein and make this declaration upon personal knowledge except and unless stated to be upon information and belief.

2. Re attempts to obtain an extension:

(a) On July 30, 2007, I telephoned Plaintiffs' counsel inquiring as to whether Plaintiffs would agree to give the Income Fund an extension on responding to the First Amended Complaint/Summons in exchange for my office accepting service of the First Amended Complaint/Summons on behalf of the Income Fund. Plaintiffs' counsel responded that she thought that the Income Fund had been served but would check and get back to me.

(b) On the morning of July 31, 2007, I sent an email to Plaintiffs' counsel making the same request for an extension.

(c) On July 31, 2007, I received a fax from Plaintiffs' counsel saying that service was soon to be accomplished on the last of the three Defendants and that my offer was declined.

(d) On August 3, 2007, I telephoned Plaintiffs' counsel's office and left a voice mail again asking for an extension.

EXHIBIT E

3. Re attempts to ascertain when the Income Fund was allegedly served:

(a) In the early morning of Tuesday, July 31, 2007, one of my firm's staff members went to Circuit Court to attempt to locate the "Return of Service" for the Income Fund. The court clerk said that the document was not available.

(b) At approximately 11:15 a.m. on July 31, 2007, I sent an email to Plaintiffs' counsel asking for a copy of the "Return of Service".

(c) In the afternoon of July 31, 2007, I received a letter from Plaintiffs' counsel stating, *inter alia*: "The process sever is already in possession of the documents and has assured me as of this morning that service will be completed tomorrow." I understood this to mean that the Income Fund would be served on August 1, 2007.

(d) On August 1, 2007, I sent a letter to Plaintiffs' counsel (via email and fax) asking for copies of the "Return of Service" showing that the Income Fund had been allegedly served.

(e) On August 2, 2007, I received a letter from Plaintiffs' counsel which enclosed the "Declaration of Service" and "Return of Service" for all three Defendants.

DATED: Honolulu, Hawaii, ___August 3, 2007___.

　　　　　　　　　　　　　　　　_/s/ Chad P. Love_
　　　　　　　　　　　　　　　　CHAD P. LOVE

EXHIBIT E