## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re pet Foods Products
Liability Litigation                 :       MDL - 1850

*Valerie Sylvester et al. v. Menu Foods, Inc., et al.*, D. Hawaii C.A. No. 1:07-409

### PLAINTIFFS VALERIE SYLVESTER, DAVID PANG, ANDREW GARCIA, RUTH CAMARGO, CHRIS HUBBARD, STACEY COLLINS, RANDALL BANDMANN, KELLY ENGLE, PAM GOULD AND ERIK CORAL-SANDS' <u>MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-4)</u>

Plaintiffs Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris

Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-

Sands, pursuant to Panel Rule 7.4 (d), R.P.J.M.L., 199 F.R.D. 425 (2001), respectfully

move the Panel to vacate its Conditional Transfer Order (CTO-4) of August 20, 2007,

because transfer is inappropriate in this case for the reasons set forth in the attached brief.

WHEREFORE Plaintiffs request that the panel grant its Motion to Vacate the

Conditional Transfer Order.

Dated: Honolulu, Hawaii, September 16, 2007

Respectfully submitted,

EMILY A. GARDNER
Attorney at Law, LLLC
735 Bishop Street, Suite 402
Honolulu, HI 96813
Tel: (808) 540-0200
Fax: (808) 540-0201
Attorney for Plaintiffs Valerie Sylvester *et al.*

**EXHIBIT 2**

Dockets.Justia.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by U.S. Mail, postage pre-paid on this 17th day of September, 2007 to the parties listed on the attached Panel Service List (Excerpted from CTO-4) MDL No.1850 In RE Pet Food Products Liability Litigation.

EMILY A. GARDNER

**PANEL SERVICE LIST (Excerpted from CTO-4)**
**MDL NO. 1850**
**IN RE Pet Food Products Liability Litigation**

*Valerie Sylvester, et al. v. Menu Foods, Inc., et al.,* D. Hawaii, C.A. No. 1:07-409

Emily A. Gardner
Emily A. Gardner, Attorney at Law LLC
735 Bishop Street
Suite 402
Honolulu, HI 96813

Barbara J. Kirschenbaum
Love & Kirschenbaum, LLC
1164 Bishop Street
Suite 1105
Honolulu, HI 96813

Steve W. Berman
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

John Blim
Blim & Edelson, LLC
53 West Jackson Blvd.
Suite 1642
Chicago, IL 60604

Perry A. Craft
Craft & Sheppard, PLC
214 Centerview Drive
Suite 223
Brentwood, TN 37027

Stuart A. Davidson
Lerach Coughlin Stoia Geller Rudman & Robbins
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432-4809

Eukanuba
One Proctor & Gamble Plaza C-2
Cincinnati, OH 45202

Richard Fama
Cozen O'Connor, LLP
45 Broadway
16th Floor
New York, NY 10006

Jason Matthew Hatfield
Lundy & Davis, LLP
300 North College Avenue
Suite 309
Fayetteville, AR 72701

Jeremy Y. Hutchinson
Patton, Roberts, McWilliams & Capshaw, LLP
Stephens Building
111 Center Street
Suite 1315
Little Rock, AR 72201

D. Jeffrey Ireland
Faruki, Ireland & Cox, P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402

Adam P. Karp
Animal Law Offices
114 West Magnolia Street
Suite 425
Bellingham, WA 98225

Michael David Myers
Myers & Co., P.L.L.C.
1809 Seventh Avenue
Suite 700
Seattle, WA 98101

Bruce E. Newman
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 66011

Edward B. Ruff, III
Pretzel & Stouffer, Chtd.
One South Wacker Drive
Suite 2500
Chicago, IL 60606-4673

Sherrie R. Savett
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

PANEL SERVICE LIST (Excerpted from CTO-4) - MDL NO. 1850                Page 2 of 2

Amy W. Schulman
DLA Piper
1251 Avenues of the Americas
45th Floor
New York, NY 10020-1104

Wal-Mart Stores, Inc.
C/O Registered Agent
Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801-1120

Kenneth A. Wexler
Wexler Toriseva Wallace, LLP
One North LaSalle Street
Suite 2000
Chicago, IL 60602

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re pet Foods Products
Liability Litigation

MDL - 1850

---

*Valerie Sylvester et al. v. Menu Foods, Inc., et al.*, D. Hawaii C.A. No. 1:07-409

## PLAINTIFFS VALERIE SYLVESTER, DAVID PANG, ANDREW GARCIA, RUTH CAMARGO, CHRIS HUBBARD, STACEY COLLINS, RANDALL BANDMANN, KELLY ENGLE, PAM GOULD AND ERIK CORAL-SANDS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-4)

Plaintiffs Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands herein submit this Brief in Support of their Motion to Vacate Conditional Transfer Order No. 4 ("CTO-4") pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation Rule 74 (d). Plaintiffs respectfully request that the Panel vacate its CTO-4 for the following reasons:

1)      A Motion to Remand the case to the Hawaii Circuit Court is currently pending before the U.S. District Court for the District of Hawaii based on the fact that Plaintiffs' expressly averred in their complaint that the amount in controversy of no named Plaintiff exceeds $75,000. Thus, federal jurisdiction over the matter has not been conclusively established.

2)    The case is inappropriate for transfer because consolidation will significantly inconvenience the ten, individual plaintiffs and their witnesses, experts, and counsel almost all of who reside in the state of Hawaii.

3)    The case is inappropriate for transfer because consolidation will not promote the just and efficient conduct of the action, given that discovery will have to be expanded to address all aspects of the ten distinct claims that arose in Hawaii and the remedies that may be available to some or all of the Plaintiffs under Hawaii's unique regulatory and consumer protection laws.

## PROCEDURAL HISTORY & CASE SYNOPSIS

Plaintiffs originally filed the instant multiple party action on May 11, 2007 in the First Circuit Court for the State of Hawaii. At the time the original complaint was filed there were eight (8) named Plaintiffs, each having separate and distinct claims for relief, which they could have elected to bring individually. Because the case received significant media attention, additional time was allotted to permit other Plaintiffs to come forward, before serving Defendants, so that the Complaint could be amended without hearing and motion. During the month or so allotted, two additional Plaintiffs came forward and joined in the action, bringing the total to ten (10) named Plaintiffs. The First Amended Complaint and First Amended Summons in this action were filed in state court on June 22, 2007 and June 25, 2007, respectively.

While it is true that all Plaintiffs' claims arose from similar facts and circumstances as far as the actions and omissions of Defendants are concerned, none of

2

the ten individual Plaintiffs' claims can be said to be representative of that of another Plaintiff. The case was not filed as a class action, and therefore there is no class representative and class certification is not an issue.

Each Plaintiff suffered and is alleging a unique injury. Some Plaintiffs had a pet that became seriously ill and recovered. Some had a pet that died suddenly. Some had a pet that died after a long, protracted illness. Some Plaintiffs suffered more emotionally and psychologically than others and required medical care. Some missed work tending to a sick pet. Some Plaintiffs lost the use of a working dog or service animal, permanently or temporarily. The bottom line is each individual Plaintiff is alleging a unique injury, and a separate and distinct amount of damages. Each of the ten Plaintiffs will also rely on their own, individual witnesses and, in many cases, experts, the vast majority of whom reside in Hawaii. Transfer of the case to New Jersey would be extremely inconvenient.

Among claims made by Plaintiffs is a claim for declaratory relief under Hawaii Food, Drugs and Cosmetics Act, Hawaii Revised Statutes ("HRS") Chapter 328. The Hawaii Food Drug and Cosmetic Act prohibits the "manufacture, sale, delivery, holding or offering for sale of any food that is adulterated because it contains a poisonous or deleterious substance which may render it injurious to health." Significantly, under HRS § 328-1 the term "food" is expressly defined as "articles used for food or drink by humans, dogs or cats." Thus, unlike virtually every other state law, there are stringent standards that uniquely protect Hawaii residents who purchase adulterated dog or cat food, and that will significantly affect Defendants' liability in Hawaii.

A second important legal claim made by Plaintiffs in the instant action is under the Hawaii Consumer Protection statute, HRS § 480, which unlike almost all other state

3

laws imposes mandatory treble damages on any unfair or deceptive act or practice perpetrated on a Hawaii product consumer.

Consolidation of the case will require that discovery be expanded to provide the ten Plaintiffs with the unique protections they are entitled to under Hawaii law, and could hamper and/or frustrate the discovery process.

Defendants filed a Notice of Removal with this Court on July 27, 2007, in which two of the Defendants, Menu Foods Holdings and Menu Foods, Inc. joined. The case was removed to the United States District for the District of Hawaii.

Defendants then filed a Motion to Stay all Proceedings on August 2, 2007, "pending a transfer decision by the Judicial Panel on Multidistrict Litigation."

Plaintiffs filed a Motion for Remand on August 26, 2007 to remand the case to the Hawaii Circuit Court. In their motion, Plaintiffs claimed that Defendants failed to establish that the amount in controversy of at least one of the individual named Plaintiffs exceeds the jurisdictional threshold of $75,000, and that Defendants' Notice of Removal was procedurally defective.

The Motions to Remand and to Stay are due to be heard on October 1, 2007 in the United States District Court for the District of Hawaii. Because a Motion to Remand is pending, federal jurisdiction of the matter has not yet been conclusively established. The ten plaintiffs assert that it would be inappropriate to transfer the matter to the Multidistrict Panel before federal jurisdiction is conclusively determined.

On August 20, 2007, this Panel noticed an order conditionally transferring the instant case to MDL-1850 in the District of New Jersey as a "tag-along action". Plaintiffs

4

submitted their Notice of Opposition to Conditional Transfer Order (CTO-4) on August

31, 2007. The CTO-4 has been stayed pending resolution of this motion.

## ARGUMENT

**I.    The Case Should Not be Made a Part of This MDL Until Federal Jurisdiction is Conclusively Established**

Because Plaintiffs strongly contest federal jurisdiction in the case and have filed a

Motion to Remand which is currently pending before the U.S. District Court for the

District of Hawaii, consolidation of the case into this MDL is inappropriate.

Under JPML Rule 1.5, the Hawaii District Court retains jurisdiction to decide a

motion to remand:

> The pendency of a motion, order to show cause, conditional transfer order or
> conditional remand order before the Panel considering transfer or remand of an
> action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial
> proceedings in the district court in which the action is pending and does not in any
> way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to
> 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in
> the office of the clerk of the district court of the transferee district.

Plaintiffs challenge federal jurisdiction, based on the facts that in their Complaint,

Plaintiffs specifically averred that the amount in controversy for each individual Plaintiff

was believed to be less than $75,000, and that Defendants' Notice of Removal was

procedurally defective. These factual issues affecting the court's jurisdiction are case-

specific and will not be addressed in any other cases consolidated before the Panel. As

such, the District Court of Hawaii is in the best position to address them, and has clear

authority to do so under JPML Rule 1.5.

Case law supports this view. When a notice of opposition to a conditional

transfer order is filed, the transferee court "retains jurisdiction to decide a pending motion

to remand." Fu's Garden Restaurant v. Archer-Daniels-Midland Company, 2000 WL

635440, *1 (N.D. Cal. 2000). Faulk v. Owens-Corning Fiberglass Corp., 48 F. Supp. 2d

653, 657 n.2 (E.D. Texas Beaumont Division 1999).

Because Plaintiffs' Motion to Remand is pending in Hawaii District Court, CTO-

4 should be vacated, or at minimum stayed, until a final determination of jurisdiction has

been made. Plaintiffs' counsel will inform the Panel once jurisdiction has been

conclusively determined by the Hawaii District Court.

II.     **This Case Should Not be Made a Part of This MDL Because Consolidation Will Not Benefit the Convenience of the Ten Individual Plaintiffs, Their Witnesses and Experts, Virtually All of Whom Reside in Hawaii**

Pursuant to 28 U.S.C. § 1407 (a) there are three statutory requirements for transfer

and consolidation of actions: (1) the actions must involve common questions of fact; (2)

consolidation must benefit the convenience of the parties and witnesses, and (3)

consolidation must promote the just and efficient conduct of the action. The Panel has

the authority to vacate its order conditionally transferring a case for good cause when the

cases do not share sufficient questions of law or fact or do not otherwise meet the

statutory standards. In re Tri-State Water Rights Litig., 481 F. Supp. 2d 1351, 1353

(J.P.M.L. 2007). The same requirements apply to the transfer and consolidation of "tag-

along" actions.[1]

In moving to transfer a tag-along action, the moving party has the burden of

demonstrating that the transfer will further the purposes of 28 U.S.C.S. § 1407.

Specifically, the moving party must demonstrate that the potential tag-along action raises

questions of fact common to the actions previously transferred and that the transfer to the

---

[1] A "tag-along" case is defined as a civil action pending in a district court that involves common questions of fact with actions previously transferred under 28 U.S.C.S.§ 1407. See . In re Tobacco/Governmental Health Care Costs Litigation v. Philip Morris, Inc., 76 F.Supp 2d 5 1999, U.S. Dist. Lexis 19736 (D.D.C. Nov. 17, 1999, Decided).

transferee district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In re Tobacco/Governmental Health Care Costs Litigation v. Philip Morris, Inc., 76 F.Supp 2d 5 1999, U.S. Dist. Lexis 19736 (D.D.C. Nov. 17, 1999, Decided). The ten Plaintiffs in this action do not contest the fact that each of their claims raise certain questions of fact that are common to actions previously transferred.

It is well established that merely showing that common questions of fact exist for which 28 U.S.C. § 1407 (a) treatment is proposed is not sufficient to warrant transfer by the JPML. The other two statutory criteria must also be satisfied. In re Truck Acci. Near Alamagordo (J.P.M.L. 1975) 387 F.Supp. 732, In re Highway Acci. Near Rockville (J.P.M.L. 1975) 388 F.Supp. 574.

Importantly, the instant case is not a class action, but consists of ten individual and distinct claims for relief. Discovery issues relating to class certification are therefore not relevant. There is also no class representative.

The ten individual Hawaii plaintiffs, their witnesses, experts and counsel virtually all reside in Hawaii. It will be extremely inconvenient for all ten Plaintiffs, their witnesses, experts and counsel to be expected to appear and/or participate in litigation that is nearly 5,000 miles and six time zones away. This is no doubt part of Defendants' strategy.

Transferring the case to New Jersey—where one of the named Defendants, Menu Foods, Inc.-- operates its principal place of business, is in sharp contrast, extremely convenient for Defendants.

It cannot reasonably be stated that transfer of this case to New Jersey will "best serve" the convenience of the ten Hawaii Plaintiffs, their witnesses, experts and counsel. Transfer would result in a vast disparity of convenience between Plaintiffs and Defendants, which is only exacerbated by the vast disparity in available resources between them.

As an example of the disparity, I respectfully ask that the court consider the time it takes to send and receive documents between New Jersey and Hawaii. It takes a minimum of two days to send and receive documents between Hawaii and the east coast of the United States, and this is only accomplished by using a private delivery service, such as Federal Express or DHL, or, the United States Postal Service's Express Mail, all of which are unnecessarily expensive.

Of greater significance, however, is the fact that the extensive delivery time between the east coast of the U.S. mainland and Hawaii effectively reduces the amount of time the ten Plaintiffs and their witnesses will have to respond to discovery requests submitted to them, to review discovery responses provided by Defendants, and to propound discovery requests on Defendants. This puts Plaintiffs at a significant disadvantage when compared to Defendants, who are right down the street (figuratively, at least when considering Hawaii) and are able to serve and receive documents in a comparatively short period of time.[2]

---

[2] As an example of the reduction in time allotted for response, Plaintiffs counsel submits that the certified letter from the JPML pertaining to the requirements for the submission of this brief was dated September 4, 2007. A notice from the U.S. Postal Service that the letter had arrived was delivered to my office on Friday afternoon, September 7, 2007. The letter was not available for pick-up until Monday, September 10, 2007. In order for me to meet the deadline set by the JPML, I had to have finally prepared my response and required documents no later than 8:00 Monday morning, September 17th in Hawaii in order to guarantee arrival in Washington, D.C. by the court's deadline. The time I had to prepare Plaintiffs' response was effectively shortened by two days to accommodate the delivery time.

Moreover, the reduction in response time related to delivery is compounded for the five Hawaii Plaintiffs who reside on the outer islands. Express mail services to the outer-islands to and from Oahu take a minimum of one day, and, general mail can take more than a week. Again, this puts the Hawaii Plaintiffs at a significant disadvantage, when compared to Defendants, who are located in the District where transfer is pending.

A similar argument can be made for any telephonic communication that may be necessary. There is a six hour time difference—almost a full working day—between Hawaii and the east coast of the United States. Thus, any telephone communication required between the proposed New Jersey transferee court and Hawaii Plaintiffs, their witnesses or counsel, is likely to require careful scheduling, which poses an additional burden on and inconvenience to Plaintiffs. Again, Defendants, who are located in the same District where transfer of this case is pending, will not be similarly inconvenienced in their attempts to communicate telephonically or otherwise with the court.

If the ten Hawaii Plaintiffs, their witnesses, experts and counsel are required to appear in New Jersey for any reason, it will impose a huge financial burden on Plaintiffs in addition to the significant inconvenience resulting from two days of airline travel across six time zones. Plaintiffs filed their action in Hawaii state court, under Hawaii state laws and pled that each individual's amount in controversy did not exceed $75,000. Transfer of the case to New Jersey will be devastating for the ten Hawaii Plaintiffs.

The disparity in convenience between the ten Hawaii Plaintiffs and Defendants is only exacerbated by the disparity of resources had by each of the Plaintiffs and Defendants, respectively, and leads to a result that is patently unjust.

9

Because Defendants cannot reasonably claim that transfer of this case to the District Court of New Jersey will best serve the convenience of the ten Hawaii Plaintiffs, their witnesses and experts, it cannot be said that transfer will be best serve the convenience of all the parties. As such, CTO-4 should be vacated with respect to this case in the interest of fairness to the parties.

**III.    This Case Should Not be Made a Part of This MDL Because Consolidation Will Not Promote the Just and Efficient Conduct of the Action, as Expanded Discovery Will be Required to Address Plaintiffs Unique Claims Under Hawaii Law**

In addition to Defendants' burden of demonstrating that the transfer of the instant case will best serve the convenience of all parties and their witnesses, Defendants also must show that transfer and consolidation will promote the just and efficient conduct of the action. In re Tri-State Water Rights Litig, *supra*, at 1353.

As stated previously, the instant case is not a class action, but consists of ten individual and distinct claims for relief brought solely by residents of Hawaii with many unique claims under Hawaii law. Almost all of the cases transferred to the MDL are class action suits, involving hundreds of potential plaintiffs. Therefore, a significant portion of the Panel's efforts and resources will be devoted to resolving issues relating to class certification. Discovery issues relating to class certification are not relevant to this case. The ten Hawaii Plaintiffs will not benefit from consolidated discovery relating to issues involved in class certification. Because of this, one of the core purposes of the MDL—conservation of resources-- will become frustrated.

The Panel's functioning will be further frustrated by the fact that if transfer is effected, it will also have to expand its discovery program developed largely to manage class action suits, involving hundreds of mainland plaintiffs, to accommodate the unique

claims brought by the ten Hawaii Plaintiffs under Hawaii's Food Drug and Cosmetic Act,

H.R.S. § 328, Hawaii's consumer protection law, H.R.S. § 486, and other claims

available under Hawaii law. Virtually no other Plaintiffs in the MDL will benefit from

the expansion of discovery to address these matters, and Hawaii Plaintiffs will not benefit

from discovery relating to class certification.

Lastly, as noted in the previous section, the functioning of the Panel is likely to

become frustrated by the significant inconveniences posed by the vast geographical

distance between Hawaii and New Jersey, and additional efforts required to contact and

effectively interface with the ten individual Plaintiffs, their experts and witnesses,

especially where five of the Plaintiffs reside on the outer islands. It would seem

necessary for the Panel to make some kind of allowances for the significant

inconveniences to the ten Hawaii Plaintiffs that would afford them a fair opportunity to

respond and be heard, when compared to Defendants and other mainland parties involved

in the transfer.

Transfer of this case to New Jersey is not in the best interest of justice and will

not promote the just and efficient conduct of litigation for the reasons stated above.

## CONCLUSION

This case is inappropriate for transfer at this time because a Motion to Remand is

currently pending in the Hawaii District Court. Federal jurisdiction has not been

conclusively established. Moreover, transfer to New Jersey would result in an extreme

amount of inconvenience to the ten Hawaii Plaintiffs, their witnesses and experts.

Because the case is not a class action and there is no class representative, the Hawaii

Plaintiffs will not benefit from transfer and consolidation to address discovery issues

relating to class certification, and the Panel will have to expand the discovery program to address the unique claims for the ten Hawaii plaintiffs under Hawaii law.

Transfer of this case to New Jersey is not in the best interest of justice and will not promote the just and efficient conduct of litigation, for all the reasons stated above. Plaintiffs herein propose that the Panel adopt an alternative means to minimize the possibility of duplicative discovery for this case upon the chance that federal jurisdiction is conclusively established.

For all the foregoing reasons, Plaintiffs Valerie Sylvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral Sands respectfully request that the Panel grant their Motion to Vacate CTO-4, noticed on August 20, 2007, conditionally transferring the case the District of New Jersey.

Dated: Honolulu, Hawaii, September 16, 2007

EMILY A. GARDNER
Attorney at Law, LLLC
735 Bishop Street, Suite 402
Honolulu, HI 96813
Tel: (808) 540-0200
Fax: (808) 540-0201
Attorney for Plaintiffs Valerie Sylvester *et al.*

12