IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VALERIE SYLVESTER; DAVID PANG; | ) | |
| ANDREW GARCIA; RUTH CAMARGO; | ) | Civ. No. 07-00409 ACK-KSC |
| CHRIS HUBBARD; STACEY COLLINS; | ) | |
| RANDALL BANDMANN; KELLY ENGLE; | ) | |
| PAM GOULD; ERIK CORAL-SANDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MENU FOODS, INC., a New Jersey | ) | |
| corporation; MENU FOODS | ) | |
| HOLDINGS, INC., a Delaware | ) | |
| corporation; MENU FOODS INCOME | ) | |
| FUND, an unincorporated Canadian | ) | |
| business; DOE ENTITIES and | ) | |
| INDIVIDUALS 1-00, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND AND ORDER DENYING AS MOOT DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS

Before the Court are Defendants' objections to the Findings and Recommendation to Grant Plaintiffs' Motion to Remand and Order Denying as Moot Defendants' Motion To Stay all Proceedings ("Findings and Recommendation") issued by the magistrate judge.  The Court hereby adopts the Findings and Recommendation and remands this action to state court.

## **BACKGROUND**

Plaintiffs (8 total) initiated this action in state court.  Plaintiffs filed a First Amended Complaint in state court (which added 2 Plaintiffs, raising the total number of Plaintiffs to 10) on June 22, 2007, alleging that Plaintiffs' pets became ill and/or passed away upon consuming adulterated pet food manufactured and distributed by Defendants.  See First Amended Complaint at 2 (Jun. 22, 2007).

Defendants removed the action to this federal district court on July 27, 2007, alleging that this Court has jurisdiction under 28 U.S.C. § 1332 because the action is a civil action in which the matter in controversy of at least one of the plaintiffs exceeds the sum or value of $75,000, exclusive of interests and costs, and is an action between citizens of different states. See Notice of Removal of Action under 28 U.S.C. §§ 1332, 1367, 1441, and 1446 and Demand for Jury Trial at 4 (Jul. 27, 2007).

On June 19, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") established the MDL In re Pet Food Products Liability Litigation in the District Court for the District of New Jersey.  See JPML Conditional Transfer Order, MDL No. 1850 (Aug. 20, 2007).  On August 20, 2007, the JPML issued a conditional transfer order for the instant action, to transfer the case to the District of New Jersey because it appeared to involved questions of fact that are common to the previously

2

transferred cases.  Id.  Plaintiffs opposed the conditional transfer, thereby staying execution of the transfer until further order of the JPML.  Id.; see also Plaintiffs' Notice of Filing Opposition to Conditional Transfer Order (CTO-4) with Judicial Panel on Multidistrict Litigation (Sept. 4, 2007).

On August 2, 2007, Defendants filed a motion to stay the instant action in this Court.  See Defendants' Motion to Stay All Proceedings (Aug. 2, 2007) ("Motion to Stay").  Plaintiffs filed an Opposition on August 26, 2007 and Defendants filed a Reply on August 30, 2007.

On August 26, 2007, Plaintiffs filed a motion to remand the instant action to state court.  See Motion to Remand (Aug. 26, 2007).  Defendants filed an Opposition on September 13, 2007 and Plaintiffs filed a Reply on September 20, 2007.

Magistrate Judge Kevin S.C. Chang held a hearing on both motions on October 1, 2007.  On October 30, 2007, Magistrate Judge Chang issued the Findings and Recommendation.  See Findings and Recommendation to Grant Plaintiffs' Motion to Remand and Order Denying as Moot Defendants' Motion To Stay all Proceedings (Oct. 30, 2007).  Magistrate Judge Chang found that Defendants have not proved with legal certainty that the amount in controversy respecting any plaintiff exceeds $75,000, recommended that the action be remanded to the First Circuit Court, and denied as moot Defendants' Motion to Stay.  Id. at 23-24.

On November 14, 2007, Defendants filed Objections to the Findings and Recommendation, arguing that Magistrate Judge Chang erred in finding that Defendants failed to prove to a legal certainty that at least one plaintiff is seeking damages beyond the $75,000 amount in controversy requirement for federal jurisdiction.[1/]  On November 19, 2007, Plaintiffs filed a Response to the Objections.[2/]  Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

<u>**STANDARD**</u>

The parties disagree as to what standard of review this Court should apply to the Findings and Recommendation. Defendants argue that the Court must apply the de novo standard of review applicable when a party objects to a magistrate judge's dispositive findings and recommendation.  Plaintiffs argue that the Court must apply the clearly erroneous standard of review applicable to appeals of a magistrate judge's non-dispositive

_____

[1/]<u>See</u> Menu Foods, Inc., Menu Foods Holdings, Inc., and Menu Foods Income Fund's Objections to the Findings and Recommendation to Grant Plaintiffs' Motion to Remand and Order Denying as Moot Defendants' Motion to Stay all Proceedings at 1 (Nov. 14, 2007) ("Objections").

[2/]<u>See</u> Plaintiffs Valerie Slyvester, David Pang, Andrew Garcia, Ruth Camargo, Chris Hubbard, Stacey Collins, Randall Bandmann, Kelly Engle, Pam Gould and Erik Coral-Sands' Response to Defendants' Objections to the Finding and Recommendation to Grant Plaintiffs' Motion to Remand and Order Denying as moot Defendants' Motion to Stay all Proceedings (Nov. 19, 2007) ("Response").

orders.

Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's <u>dispositive</u> order, findings, or recommendations, the district court must make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  <u>See</u> L.R. 74.2.[3/]  Under the de novo standard, the court reviews anew the matters to which objection has been made.  <u>See</u> <u>United States v. Silverman</u>, 861 F.2d 571, 576 (9th Cir. 1998).

Pursuant to Local Rule 74.1, when a party appeals to the district court a pretrial, <u>non-dispositive</u> matter determined by a magistrate judge, the district court must set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law.  <u>See</u> L.R. 74.1.  Under the clearly erroneous standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is "left with the definite and firm conviction that a mistake has

---

[3/]The district court will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  <u>See</u> L.R. 74.2; <u>see also</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  <u>See</u> L.R. 74.2; <u>see also</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

been committed." <u>Silverman</u>, 861 F.2d at 576-77 (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. <u>See</u> <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991).

"Although not considered by the Ninth Circuit, several circuits have held that a motion to remand is to be treated as a dispositive motion." <u>McClelland v. Merck & Co.</u>, Civ. No. 06-00543 JMS/BMK, 2007 WL 178293, at *1 (D. Haw. Jan. 19, 2007) (citing cases); <u>see also</u> <u>Thorp v. Kepoo</u>, 100 F. Supp.2d 1258, 1261 (D. Haw. 2000) (recognizing split of authority and applying de novo review to motion to remand).

Given the present state of the law and the magistrate judge's determination that his decision on the motion to remand should be a findings and recommendation, because a decision to remand effectively removes the case from this Court, and because de novo review will be most beneficial to Defendants, this Court will treat the motion to remand as a dispositive motion, subjecting it to a de novo standard of review. <u>See</u> <u>McClelland</u>, 2007 WL 178293, at *1; <u>Ortiz v. Menu Foods</u>, Civ. No. 07-00323 DAE/LEK, 2007 WL 3374594, at *2 (D. Haw. Nov. 13, 2007).

In addition to ruling on the motion to remand, the Findings and Recommendation also rules on Defendants' motion to stay. Motions to stay are non-dispositive and normally reviewed

under the clearly erroneous standard of review.  See Torrance v. Aames Funding Corp., 242 F. Supp. 2d 862, 864 (D. Or. 2002). However, the Court concludes that the portion of the Findings and Recommendation denying the motion to stay is unquestionably inextricably intertwined with the ruling on the motion to remand. Given these circumstances, the Court will subject the entirety of the Findings and Recommendation to a de novo standard of review. See McClelland, 2007 WL 178293, at *2; see also Marks v. Clarke, 102 F.3d 1012, 1018 (9th Cir. 1996) (finding that the court had jurisdiction to review a summary judgment ruling normally not immediately appealable because that ruling was "unquestionably inextricably intertwined" with an appealable order on qualified immunity, so that the issues were not susceptible to independent review).

## **DISCUSSION**

As in the Findings and Recommendation, this Court adopts a three-step methodology to consider the simultaneous motions to remand to state court and to stay the proceeding:

> A court should first give preliminary scrutiny to the merits of the motion to remand.  If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court . . . . This preliminary review is a limited inquiry, undertaken only if removal was clearly improper . . . . If the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding . . . . If the remand

7

issue appears factually or legally difficult, and the
second question is answered in the affirmative, the
court should then proceed to the third step and
consider the motion to stay.

See McClelland v. Merck & Co., Civ. No. 06-00543 JMS/BMK, 2007 WL

178293, at *2 (D. Haw. Jan. 19, 2007) (citing Meyers v. Bayer AG,

143 F. Supp. 2d 1044 (E.D. Wis. 2001)) (internal quotation marks,

citations, and footnotes omitted).

Under the first step of the methodology, a preliminary

assessment of the merits of the motion to remand - which is not

factually or legally difficult - suggests that removal of this

action was clearly improper.  Therefore, the Court will address

the motion to remand.[4/]

## A.    Merits of the Motion to Remand

Defendants argue that Magistrate Judge Chang erred in

finding that Defendants failed to prove to a legal certainty that

at least one plaintiff is seeking damages beyond the $75,000

---

[4/]Even if the jurisdictional remand issue was factually or
legally difficult to determine, similar jurisdictional issues
have not been raised in other cases that have been transferred to
the MDL proceeding, and therefore this Court should address the
merits of the motion to remand, rather than first considering the
merits of the motion to stay.  Cf. McClelland, 2007 WL 178293, at
*3 (considering the motion to stay before reaching the motion to
remand because the evidence and uncertainty of the law raised
significant factual and legal issues such that the court could
not find that removal was clearly improper, and without question,
similar jurisdictional issues had been raised in other cases
transferred to the MDL proceeding).  As discussed in the Findings
and Recommendation and not challenged by the parties, of the 93
cases transferred to the MDL proceeding, only eight involve
removal, and none of those eight present a motion to remand.  See
Findings and Recommendation at 9 n.4.

amount in controversy requirement for federal jurisdiction.  <u>See</u>
Objections at 8.  After an independent review of the record, this
Court agrees with the Findings and Recommendation.

### 1. "Legal Certainty" Standard

As the removing parties, Defendants bear the burden of
proving that Plaintiffs' suit meets the requirements for federal
jurisdiction under 28 U.S.C. § 1332.  <u>See</u> <u>Lowdermilk v. U.S. Bank</u>
<u>National Ass'n</u>, 479 F.3d 994 (9th Cir. 2007); <u>see also</u> <u>Nishimoto</u>
<u>v. Federman-Bachrach & Assoc.</u>, 903 F.2d 709, 712 n.3 (9th Cir.
1990) ("The burden of establishing federal jurisdiction is on the
party seeking removal, and the removal statute is strictly
construed against removal jurisdiction.").  The Court agrees with
Magistrate Judge Chang's determination that Defendants bear the
burden of "legal certainty" here, as set forth in <u>Lowdermilk</u>.
<u>See</u> <u>Lowdermilk v. U.S. Bank National Ass'n</u>, 479 F.3d 994 (9th
Cir. 2007).  In <u>Lowdermilk</u>, the Ninth Circuit held that when a
state court complaint affirmatively alleges that the amount in
controversy is less than the jurisdictional threshold, the party
seeking removal must prove with legal certainty that the amount
in controversy exceeds the jurisdictional threshold.  <u>See</u>
<u>Lowdermilk</u>, 479 F.3d at 998-99 (applying this standard where
complaint alleged that the aggregate total of the claims pled in
complaint "do not exceed five million dollars," which was just
below the statutory threshold); <u>see also</u> <u>Guglielmino v. McKee</u>

Foods Corp., -- F.3d --, 2007 WL 2916193, at *3 (9th Cir. Oct. 9, 2007) (discussing Lowdermilk standard but applying different burden because complaint failed to allege a sufficiently specific total amount in controversy, so it was unclear from the face of the complaint whether the requisite amount in controversy was pled). "Where the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction . . . by showing to a legal certainty that the amount in controversy exceeds the statutory minimum." Lowdermilk, 479 F.3d at 999.

Although Lowdermilk involved a class action under the Class Action Fairness Act of 2005, the Court finds the reasoning and holding of Lowdermilk equally applicable in the non-class action context. See, e.g., Roe v. Teletech Customer Care Management, No. C07-5149 RBL, 2007 WL 1655172, at *3 n. 1 (W.D. Wash. Jun. 6, 2007) (noting that Lowdermilk standard is not limited to the class action context). As in Lowdermilk, this Court is guided by two principles. First, as a federal court, this is a court of limited jurisdiction and it must strictly construe its jurisdiction. Lowdermilk, 479 F.3d at 998. Second, the plaintiff is the master of her complaint and can plead to avoid federal jurisdiction. Id. at 999-1000.

In this case, the First Amended Complaint filed in state court alleges that "the amount in controversy for each individual Plaintiff is believed to be less than $75,000."  See First Amended Complaint at ¶ 52.  Accordingly, to avoid remand for lack of jurisdiction, Defendants must prove to a legal certainty that the amount in controversy exceeds $75,000 (the statutory minimum under 28 U.S.C. § 1332) for at least one plaintiff.  See Lowdermilk, 479 F.3d at 998-99.

In the alternative, to the extent that the Ninth Circuit's recent decision in Guglielmino v. McKee Foods Corporation may call into the question the application of the legal certainty standard in this case, Defendants would be subject to a preponderance of the evidence burden of proof. Guglielmino, 2007 WL 2916193, at *4.  In other words, Defendants would bear the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. at *3.  This Court reaches the same outcome applying either standard.

   2.   **Amount in Controversy**

The Court agrees with Magistrate Judge Chang that Defendants have failed to prove to a legal certainty (or by a preponderance of the evidence) that the amount in controversy exceeds $75,000 for at least one plaintiff.  Since the Court agrees with Magistrate Judge Chang's reasoning and calculations,

11

the Court will not rehash here all of the damages calculations contained in the Findings and Recommendation.  However, the Court will discuss a few key points.

First, Defendants' reliance on a statement made by Plaintiffs in state court regarding what amount Plaintiffs expect the jury to award is misplaced.  Defendants agree with the magistrate judge that this Court must look to the damages sought by Plaintiffs, not the damages that may ultimately be awarded. See Objections at 13.  Yet, Defendants rely on a statement by Plaintiffs that: "Plaintiffs believe that the probabl[e] jury award, not reduced by the issue of liability, and exclusive of attorney's fees, interests and costs will be in excess of $150,000."  See Request to Exempt from Court Annexed Arbitration Program, Summary of Facts at ¶ 33 (May 11, 2007).  This statement does not prove the amount of damages that Plaintiffs are seeking, it only shows how much Plaintiffs think the jury is likely to award; therefore, the statement does not prove to a legal certainty (or by a preponderance of the evidence) that the amount of damages sought by Plaintiffs is $150,000.

Second, even assuming (but not deciding) that Defendants have established to a legal certainty that Plaintiffs are seeking "over $500,000" in punitive damages (based on a statement by Plaintiff that "If Plaintiffs were permitted to pray for a specific amount of punitive damages, we would seek over

12

$500,000 . . . .")[5/], this amount does not meet the statutory
threshold.  Divided by the 10 Plaintiffs involved in the case at
the time of removal ($500,000 ÷ 10 = $50,000 per Plaintiff), this
figure by itself fails to meet the $75,000 threshold and
Defendants have not proven any additional amount to a legal
certainty (or by a preponderance of the evidence).[6/]

Third, Defendants' estimation that Plaintiffs' counsel
will spend between 50 to 100 hours per plaintiff on this case is
too speculative to meet the legal certainty burden.  This range
is very broad - as pointed out by the magistrate, the top end is
double the low end - and would require the Court to speculate to
pick a number.  Even if the Court were to hold that Defendants
proved to a legal certainty (or by a preponderance of the
evidence) that counsel would spend at least 50 hours per
plaintiff on this case (the bottom of the range suggested by
Defendants), using the $135 hourly rate proposed by Defendants,

---

[5/]See Request to Exempt from Court Annexed Arbitration
Program, Summary of Facts at ¶ 34 (May 11, 2007).

[6/]The Court agrees with Magistrate Judge Chang that the
amount of damages should be divided by 10 Plaintiffs, the number
of Plaintiffs at the time of removal.  See Findings and
Recommendation at 19-20.  It does not appear to this Court, for
example, the Plaintiffs' round punitive damages figure, which is
calculated to punish Defendants for their actions, would be
calculated differently with the addition of two Plaintiffs.
Additionally, the Court notes that treble damages, which are
sought in the complaint pursuant to H.R.S. § 480-13, could only
be awarded in lieu of punitive damages.  See Eastern Star, Inc.
v. Union Bldg. Materials Corp., 6 Haw. App. 125, 141, 712 P.2d
1148, 1159 (Haw. Ct. App. 1985).

the result is only $6,750 per plaintiff in attorneys' fees (50 x $135 = $6,750).[7/]  Added to the punitive damages calculated above, the total amount in controversy proved by Defendants falls short of the $75,000 threshold ($50,000 + $6,750 = $56,750).

In summary, Defendants have left the Court to speculate about the amount in controversy; such speculation does not meet the legal certainty standard (or the preponderance of the evidence standard).  See Lowdermilk, 479 F.3d at 1002.[8/]  Even if this Court were to speculate, and presume that Defendants have proven that Plaintiffs are seeking $150,000 in compensatory

---

[7/]Defendants assert that Plaintiffs accepted $13,500 as the reasonable amount of attorneys' fees each Plaintiff seeks.  See Objections at 12.  However, the Court finds that the record does not show any such agreement.  Plaintiffs only used Defendants' attorneys' fees calculations for the purposes of showing that even under those calculations (at either $6,750 or $13,500), the amount in controversy falls below the jurisdictional threshold. See Memo in Support of Motion to Remand at 12 (Aug. 26, 2007). And, notably, Plaintiffs asserted, and the Court has found, that the additional $150,000 compensatory damages amount was simply a statement (relating to the possibility of annexed arbitration) of what Plaintiffs thought a jury might award, rather than an amount they were seeking.  Moreover, the Court has found that attorneys' fees per Plaintiff in excess of $6,500 is mere speculation, with Defendants' suggestion of 50 to 100 hours being an excessively broad range.

[8/]The Court notes that Guglielmino suggests that judicial estoppel could preclude Plaintiffs from being entitled to a recovery larger than $75,000 per Plaintiff.  See Guglielmino, 2007 WL 2916193, at *3 ("[B]y adopting 'legal certainty' as the standard of proof, 'we guard[ed] the presumption against federal jurisdiction and preserve[d] the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court.'") (quoting Lowdermilk, 479 F.3d at 999).

damages, $500,000 in punitive damages, and $6,750 per Plaintiff in attorneys' fees, the total amount in controversy per Plaintiff would fall short of the $75,000 threshold ($150,000 ÷ 10 = $15,000 per Plaintiff in compensatory damages; $500,000 ÷ 10 = $50,000 per Plaintiff in punitive damages; $15,000 + $50,000 + $6,750 = $71,750 total amount in controversy per Plaintiff). Accordingly, the action must be remanded for lack of jurisdiction.

**B.    Motion to Stay**

Given this Court's decision to remand this action, the motion to stay is moot.

<u>**CONCLUSION**</u>

For the foregoing reasons and as modified herein, the Court adopts the Findings and Recommendation to Grant Plaintiffs' Motion to Remand and Order Denying as Moot Defendants' Motion to Stay all Proceedings issued on October 30, 2007.  This case is hereby remanded to state court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 5, 2007.



_____
Alan C. Kay
Senior United States District Judge

Sylvester, et al. V. Menu Foods, Inc., et al., Civ. No. 07-00409 ACK-KSC,
Order Adopting Findings and Recommendation to Grant Plaintiffs'
Motion to Remand and Order Denying as Moot Defendants' Motion to
Stay All Proceedings.